

# SUPREME COURT OF MISSOURI
# en banc

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | *Opinion issued August 23, 2016* |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **No. SC95318** |
| | ) | |
| **AMANDA N. BAZELL,** | ) | |
| | ) | |
| **Appellant.** | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CASS COUNTY
### The Honorable R. Michael Wagner, Judge

PER CURIAM

Amanda Bazell (Defendant) was convicted of burglary and four counts of stealing for breaking into two residences and stealing numerous items of property from each. On appeal, she challenges her convictions for two counts of felony stealing that arose from the theft of two firearms, which she stole in the course of one burglary, as a violation of her right to be free from double jeopardy. Defendant also claims that the trial court abused its discretion in failing to grant a mistrial due to testimony regarding the composition of a photograph lineup, which she claims constituted inadmissible evidence of other crimes.

Under section 570.030.1,[1] a person commits the crime of stealing when she appropriates the property or services of another with the purpose to deprive the owner thereof. Section 570.030.3 provides for the enhancement to a class C felony of "any offense in which the value of property or services is an element" if certain conditions are met. The definition of stealing in section 570.030.1 is clear and unambiguous, and it does not include the value of the property or services appropriated as an element of the offense. As a result, enhancement pursuant to section 570.030.3 does not apply to Defendant's stealing convictions for the theft of the firearms. These offenses must, therefore, be classified as misdemeanors.

This Court finds no abuse of discretion in the trial court's failure to grant a mistrial due to the admission of testimony concerning the composition of a photograph lineup. The testimony did not establish that Defendant's photograph was retrieved from the jail system, nor did it clearly associate Defendant with other crimes.

The trial court's judgment is affirmed in part and reversed in part. The case is remanded for proceedings consistent with this opinion.

## Factual Background

Viewing the evidence in the light most favorable to the verdict, Defendant broke into a home and stole a .40-caliber pistol, a .22-caliber rifle, a laptop computer, a jewelry box, a suitcase, and two pairs of tennis shoes. Later the same day, she broke into a second home where she stole three rings with a value of $8,000. Defendant was charged

---

[1] All statutory references are to RSMo Supp. 2009 unless otherwise indicated.

as a prior and persistent offender with two counts of first-degree burglary and four total counts of stealing under section 570.030. Three of the four stealing counts were charged as class C felonies—one count for each of the two firearms stolen and one count for the rings stolen as they had a value more than $500 but less than $25,000. The fourth stealing count was charged as a misdemeanor and correlated to the non-firearms personal property stolen in the first burglary. The jury returned guilty verdicts for one count of first-degree burglary and all four of the stealing counts. The State dismissed the remaining burglary count. The trial court sentenced Defendant to concurrent terms of 12 years for the burglary and felony stealing counts, and one year in the county jail for the misdemeanor stealing count.

This Court granted transfer after opinion by the court of appeals. MO. CONST. art. V, sec. 10.

### Section 570.030.3 Does Not Apply to Defendant's Convictions for Stealing The Firearms

Defendant argues that the trial court violated her right to be free from double jeopardy by convicting and sentencing her on two counts of stealing firearms in the course of one burglary. The Fifth Amendment Double Jeopardy Clause, made applicable to the states through the Fourteenth Amendment, protects a defendant "both from successive prosecution for the same offense and from multiple punishments for the same offense." *Mallow v. State*, 439 S.W.3d 764, 771 (Mo. banc 2014). Defendant did not raise her double jeopardy claim in the trial court. Although constitutional issues must generally be raised at the earliest opportunity to be preserved for appellate review, the

3

right to be free from double jeopardy is a constitutional right that "goes to the very power of the State to bring the defendant into court to answer the charge brought against him." *State v. Liberty*, 370 S.W.3d 537, 546 (Mo. banc 2012). As a result, an appellate court reviews for plain error when it can determine from the face of the record that the trial court had no power to enter the conviction. *Id.*

Double jeopardy analysis regarding multiple punishments is limited to determining whether the legislature intended cumulative punishments. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). Legislative intent is ascertained by looking to the unit of prosecution allowed by the statute under which the defendant was convicted. *Liberty*, 370 S.W.3d at 546. The relevant statute here is section 570.030.3, the felony enhancement provision of Missouri's stealing statute. That provision states that:

> 3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:
> (1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars; or
> (2) The actor physically takes the property appropriated from the person of the victim; or
> (3) The property appropriated consists of:
> …
> (d) Any firearms.

Section 570.030.3. The State argues that, under section 570.030, stealing is a class A misdemeanor unless the property stolen is among those designated under section 570.030.3 (here, "any firearms"), in which case it can be punished as a class C felony. The State and Defendant argue over the meaning of the term "any firearms" as it pertains to whether cumulative punishments are permissible.

4

This reading of section 570.030.3, however, critically ignores the fact that the felony enhancement provision, by its own terms, only applies if the offense is one "in which the value of the property or services is an element." Stealing is defined in section 570.030.1 as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his consent or by means of deceit or coercion." The value of the property or services appropriated is not an element of the offense of stealing.

In ascertaining what the phrase "in which the value of the property or services is an element" means, this Court employs the primary rule of statutory interpretation, which is to give effect to the plain and ordinary meaning of the statutory language. *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 540 (Mo. banc 2012). If the words are clear, the Court must apply the plain meaning of the law. *Id.* When the meaning of a statute is clear, the Court should not employ canons of construction to achieve a desired result. *Goerlitz v. City of Maryville*, 333. S.W.3d 450, 455 (Mo. banc 2011).

Here, there is no need to resort to tools of interpretation because the language of section 570.030.3 is clear. We cannot know why the legislature, in 2002, decided to amend section 570.030.3 to add the requirement that only offenses for which "the value of property or services is an element" may be enhanced to a felony, but this is what the legislature clearly and unambiguously did.[2] As a result, section 570.030.3 does not apply

---

[2] Prior to the 2002 amendment, the felony enhancement provision in section 570.030.3 stated:
>    3. Stealing is a class C felony if:
>    (1) The value of the property or services appropriated is seven hundred fifty dollars or more; or
>    (2) The actor physically takes the property appropriated from the person of the victim; or

here. Defendant's offenses must be classified as misdemeanors because they cannot be enhanced to felonies by the terms of section 570.030.3.[3] The two felony convictions for the firearms stolen must be reversed and the case remanded.[4]

Because section 570.030.3 does not apply here, there is no reason to address Defendant's felony stealing double jeopardy argument. This Court need not decide whether a double jeopardy violation occurred as the case can be fully resolved without reaching this constitutional question. *See Lang v. Goldsworthy*, 470 S.W.3d 748, 751 (Mo. banc 2015). Further, as the offenses here must be classified as two misdemeanors, the potential question of whether those misdemeanors are a violation of her double jeopardy rights was not briefed by the parties. As a result, the Court does not address

---

(3) The property appropriated consists of:
…
(d) Any firearms.
Section 570.030.3, RSMo Supp. 2001. Further, after January 1, 2017, the provision will be codified at section 570.030.5 and will read:
5. The offense of stealing is a class D felony if:
(1) The value of the property or services appropriated is seven hundred fifty dollars or more;
(2) The offender physically takes the property appropriated from the person of the victim; or
(3) The property appropriated consists of:
…
(d) Any firearms.

[3] To the extent that *State v. Passley*, 389 S.W.3d 180 (Mo. App. 2012) holds otherwise, that decision should no longer be followed.

[4] Although Defendant, in her supplemental brief to this Court, now argues that her felony conviction for the rings stolen should also be reduced to a misdemeanor, she did not seek such relief in the court of appeals or in her original briefs to this Court. On transfer to this Court, a party may not "alter the basis of any claim that was raised in the court of appeals brief." Rule 83.08(b); *see also Linzenni v. Hoffman*, 937 S.W.2d 723, 727 (Mo. banc 1997) (denying claims raised in a party's substitute brief that were not raised in the brief before the court of appeals). As a result, the Court will not consider this newly added request for relief.

6

Defendant's double jeopardy argument as it was not briefed by the parties. *See Looney v. Hindman*, 649 S.W.2d 207, 211 (Mo. banc 1983).

### Evidence Regarding the Method of Composing a Photograph Lineup Was Admissible

Defendant argues that the trial court abused its discretion by denying her request for a mistrial after a detective testified that he compiled a photo lineup from jail photos. She argues that the testimony constituted inadmissible evidence of other crimes in violation of her right to be tried only for the offense charged.

The decision to declare a mistrial is within the discretion of the trial court because it is in the best position to determine whether the alleged incident had a prejudicial effect on the jury. *State v. Blurton*, 484 S.W.3d 758, 779 (Mo. banc 2016). A trial court abuses that discretion only when its ruling is "clearly against the logic of the circumstances before it and . . . so arbitrary and unreasonable as to shock the appellate court's sense of justice and indicate a lack of careful consideration." *Id.* Further, mistrial is a "drastic remedy" and should only be employed in the most extraordinary circumstances, when prejudice to the defendant cannot be removed in any other way. *Id.*

Evidence of the commission of separate and distinct crimes is inadmissible unless it has some legitimate tendency to establish the defendant's guilt of the charged crime. *State v. McFadden*, 369 S.W.3d 727, 741 (Mo. banc 2012).[5] Proffered evidence violates

_____

[5] Such evidence has a legitimate tendency to directly establish guilt and is admissible if it tends to establish: "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with commission of the crime on trial." *McFadden*, 369 S.W.3d at 741.

7

this rule when the evidence shows that the defendant committed, was accused of, was convicted of, or was definitely associated with the other crimes or misconduct. *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo. banc 1989). Vague or speculative references to the defendant's involvement in other crimes do not constitute inadmissible evidence of the commission of other crimes. *Id.*; *State v. Sheridan*, 486 S.W.3d 358, 362 (Mo. App. 2015). The defendant has the burden to show that the challenged testimony constituted inadmissible evidence of other crimes. *State v. Hawkins*, 328 S.W.3d 799, 812 (Mo. App. 2010).

The detective testified as follows regarding a photo lineup shown to a witness:

Q: And so you prepared a photo lineup in this case; right?
A: That's correct.
Q: And you said it included [Defendant]?
A: Yes, it did.
Q: How do you typically prepare a photo lineup? Where do you draw photos from?
A: I draw them either from jail photographs or through Department of Revenue driver's license photos.
Q: And in this case you pulled them from the Department of Revenue; isn't that right?
A: That's true.
Q: And how many photos did you pull?
A: Six.
Q: You mentioned that in a photo lineup you want the individuals to have similar features?
A: Yes, they did.
Q: Is there any sort of program that does that for you?
A: I just essentially go through our jail system and locate the number of individuals that have similar characteristics to the one that I am looking for.
Q: But from the Department of Revenue, you said these were pulled?
A: These were pulled from the Department of Revenue. The initial—the initial information afforded to the photographs was drawn from previous jail photos.

Following the detective's testimony, defense counsel requested a mistrial on grounds that the detective's testimony suggested that Defendant's photo was a jail photo which implied that she had committed other crimes. The trial court overruled the request for mistrial. The prosecutor then offered the photo lineup into evidence and continued to question the detective regarding Defendant's photo. After the prosecutor established which photo was Defendant's, the prosecutor asked:

Q: Now, did you pull that [photo of Defendant] from the Department of Revenue records?
A: Yes, I did.
Q: And all of these other photos, did you pull those from the Department of Revenue records?
A: Yes, I did.

Defendant failed to show that the detective's testimony was evidence of the commission of other crimes by Defendant. The detective repeatedly explained that he obtained the photos, including Defendant's, from Department of Revenue records. The detective explained that he used the jail photo system to find other people with similar characteristics to Defendant to fill out the rest of the lineup. The detective's testimony did not establish that Defendant's photo was in the jail system or that he used the jail system to find her photo. Moreover, an implication that the photograph may have originally been taken by police does not "lead to the inference that the defendant has committed prior crimes." *State v. Wright*, 978 S.W.2d 495, 498-99 (Mo. App. 1998). While testimony concerning the use of jail photos that discloses that a defendant has committed other crimes is improper, when, as here, the photograph is discussed in the context of identification and no testimony of prior crimes committed by Defendant was

9

presented in connection with the photograph, the testimony is admissible. *Id.* The

detective's testimony did not clearly associate Defendant with other crimes. The trial

court did not abuse its discretion by denying Defendant's request for a mistrial.

## Conclusion

The trial court's judgment is affirmed in part and reversed in part. The case is

remanded to the trial court for proceedings consistent with this opinion.


All concur.