

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
　 )
　　　　Respondent, )
　 )
vs. )　No. SD33951
　 )
GARRY L. FILBECK, )　FILED: November 17, 2016
　 )
　　　　Appellant. )

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Alan M. Blankenship, Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

(*Before Scott, P.J., Bates, J. and Sheffield, J.*)

PER CURIAM. Garry Filbeck appeals his bench-tried convictions on two counts of felony stealing. The state's theory was that Filbeck aided and abetted Howard Perryman's theft of six cattle from Danny Vaughn on February 12, 2012, and that the thefts were felonies per § 570.030.3(3)(j),[1] which provided that "any offense in which the value of property or services is an element is a class C felony if ... [t]he property appropriated consists of ... [a]ny animal considered livestock ...."

---

[1] Statutory citations are to RSMo 2000 as amended through 2012. Rule references are to Missouri Court Rules (2016).

This court affirmed Filbeck's convictions pursuant to Rule 30.25(b) on April 6, 2016. On October 6, 2016, our supreme court took transfer and retransferred the case to this court to reconsider in light of *State v. Bazell*, 497 S.W.3d 263 (Mo. banc August 23, 2016).

We invited the parties to file further suggestions. In response, the State opines that *Bazell* entitles Filbeck "to a remand to be resentenced to class A misdemeanors for his two counts of stealing" because

> Under *Bazell*, the sentencing enhancement for the enumerated list of types of property set out in § 570.030.3(3) does not apply to the crime of stealing those types of property. *Id.* [Filbeck] was similarly charged with an enhancement under § 570.030.3(3). The enhancement provision for livestock relied on in this case, § 570.030.3(3)(j), is not in any meaningful way distinguishable from the enhancement provision for firearms relied on in *Bazell*.

We agree. *See **State v. McMillian***, No. WD 79440, slip op. at 5 (Mo.App. Oct. 18, 2016) ("*Bazell* made no distinction between the various ways the enhancement provision could be triggered.... The specific character of the enhancement sought under section 570.030.3 is irrelevant ....").

Although we must reverse and remand for resentencing per ***Bazell***, Filbeck's arguments for further relief fail.

### *Limitations Defense Waived*

On retransfer, Filbeck argues from ***McMillian***, slip op. at 6, that his charges should be dismissed with prejudice because they were not filed within the one-year statute of limitations for misdemeanors (§ 556.036.2). Because Filbeck did not raise this defense in the trial court (contrast ***McMillian***, slip op. at 2-3), he has waived any such complaint. ***State v. Cotton***, 295 S.W.3d 487, 488-92 (Mo.App. 2009).

2

*Proof Sufficient*

There is no real issue as to Perryman's longtime, extensive stealing network; Filbeck's participation for years prior to the Vaughn theft; or that Filbeck committed crimes here as Filbeck's counsel effectively conceded in the trial court:

> Mr. Perryman had a network. I don't dispute that at all. I think all the reports from Sergeant (sic) Bracker very clearly support that. Mr. Perryman was all over creation 24 hour a day stealing stuff, but he was put it everywhere, and Mr. Filbeck got caught. And, for that, Mr. Filbeck is going to come out of this with five felony convictions [three in Webster County, two on appeal here] ....

> and

> Had he [Filbeck] been charged with possession of stolen cattle, he would have pled guilty, just like we did in Webster County. Possession of stolen cattle is the appropriate charge in this case.

Despite his involvement with Perryman's theft network *generally*, Filbeck claims the State did not show that Filbeck aided and encouraged Perryman before or during *this* Vaughn cattle theft. A sufficient reply is that one "who embarks upon a criminal course of conduct with another is responsible for crimes he could reasonably anticipate would be part of the conduct." **State v. Johnson**, 456 S.W.3d 521, 526 (Mo.App. 2015); *see also* **State v. Whittemore**, 276 S.W.3d 404, 407 (Mo.App. 2009). "The evidence need not establish a defendant's specific knowledge of which particular crime his co-participant will commit." **Whittemore**, 276 S.W.3d at 407.

The trial court could fairly conclude from the evidence that Filbeck willingly participated in a cattle-rustling enterprise that victimized many, eventually including Danny Vaughn; that Filbeck knew Perryman was a cattle thief and knew Perryman's *modus operandi*; that they worked together for years prior to the Vaughn theft; that

3

Perryman had no land of his own, and thus depended on Filbeck to keep, feed, and care for stolen cattle until they could be sold without arousing suspicion;[2] that with Filbeck's permission, Perryman for years used Filbeck's barn as a place to remove identifying ear tags, placed stolen cattle with Filbeck's herd, and retrieved stolen cattle to sell at a later date; and that Perryman had the lock and only key to one of Filbeck's leased properties. It is telling, as well, that Filbeck initially lied or was not forthcoming with investigators, not only about the presence of stolen cattle on his property, but also about his relationship with Perryman.

We deny Filbeck's claims of insufficient evidence to support the convictions.

### *No Double Jeopardy*

Filbeck's double jeopardy complaint, as first posed, essentially called for a return to the old single-larceny rule (*i.e.*, stealing several items from the same owner at the same time and place is only a single crime) that our supreme court nullified in **State v. Heslop**, 842 S.W.2d 72, 75 (Mo. banc 1992). He adjusts his theory on retransfer, urging that the legislature meant for a single-larceny rule to govern misdemeanors notwithstanding **Heslop**. We find neither assertion persuasive and thus reject both.

### Conclusion

We reverse the judgment of felony conviction and remand for the circuit court to enter judgment of conviction and sentences on two counts of class A misdemeanor stealing.

---

[2] Given the scope of Perryman's enterprise, the trial court expressed doubt that all thefts were funneled through Filbeck or that he was the lone accomplice. Nonetheless, the court stated that the evidence "certainly demonstrated" Filbeck's participation.