

# Missouri Court of Appeals
## Southern District
### Division Two

| | | | |
|---|---|---|---|
| STATE OF MISSOURI, | ) | | |
| | ) | | |
| Plaintiff-Respondent, | ) | | |
| | ) | | |
| vs. | ) | No. SD34257 | |
| | ) | | |
| THOMAS NATHANIEL TURRENTINE, | ) | Filed November 18, 2016 | |
| | ) | | |
| Defendant-Appellant. | ) | | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Thomas E. Mountjoy

#### AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

The trial court found Thomas Nathaniel Turrentine ("Defendant") guilty of stealing, *see* section 573.030,[1] and property damage, *see* section, 569.100,[2] under principles of accomplice liability, *see* section 562.041.[3] On appeal, Defendant contends that the trial court erred: (1) "in finding [Defendant] guilty . . . for the class C felony of stealing . . . in that the State failed to adduce substantial evidence of the value of the computer that had been taken[;]" (2) "in finding [Defendant] guilty of property damage . . . in that there was insufficient evidence to prove beyond a reasonable doubt the essential element that [Defendant] had the purpose of promoting

---

[1] References to section 573.030 are to RSMo. Cum.Supp. 2012.
[2] References to section 569.100 are to RSMo. Cum.Supp. 2013.
[3] References to section 562.041 are to RSMo. 2000.

property damage, or could have reasonably anticipated that Georges would damage property[;]" (3) "in sentencing [Defendant] to five years['] imprisonment for the Class D felony of property damage, . . . in that the maximum sentence authorized by the legislature for a Class D felony was four years['] imprisonment[;]" and (4) "in sentencing [Defendant] to five years['] imprisonment, because . . . the sentencing enhancement factors contained in section 570.030.3 . . . only apply to 'any offense in which the value of property or services is an element[.]'" We find no merit in Defendant's second point; however, his third and fourth points are meritorious, which makes his first point moot. The trial court's judgment, therefore, finding Defendant guilty of these offenses is affirmed, but Defendant's sentences are reversed. The case is remanded for resentencing as directed in this opinion.

## Factual and Procedural Background

Viewed in the light most favorable to the State, *State v. Hopper*, 326 S.W.3d 143, 146 (Mo.App. 2010), the facts adduced at trial support that Defendant and Timothy Georges visited the same pawn shop together at 2:30 p.m. and again at 5:06 p.m. on September 21, 2013. About an hour after their last pawn shop visit, Defendant and Georges arrived at Bass Pro Shops together on bicycles. Defendant and Georges entered a portion of Bass Pro Shops reserved for non-retail activities. Defendant and Georges proceeded through multiple sets of doors to rooms and Defendant held one set of the doors open for Georges. Defendant then left Bass Pro Shops and waited by the pair's bicycles. While Defendant was waiting, Georges stole a laptop and damaged the wall-mounted projector for a Smart board. The pair left together on their bicycles.

Defendant was charged with stealing in violation of section 570.030, in that Defendant, "acting with another, appropriated a netbook computer of a value of at least five hundred dollars[.]" Defendant was also charged with property damage in the first degree in violation of section 569.100, in that Defendant, "acting with another, knowingly damaged a Smart projector.

2

. . by attempting to remove the Smart projector from the wall, and the damages to such property exceeded seven hundred and fifty dollars[.]"

Following a bench trial, Defendant was found guilty of both offenses and was sentenced to five years' imprisonment in the Department of Corrections on each with the sentences to run concurrently. Defendant timely appeals.

## Discussion

For ease of analysis, we take Defendant's points out of order.

### *Point Four—No Enhanced Punishment for Stealing*

Defendant's fourth point contends:

> The trial court plainly erred . . . in sentencing [Defendant] to five years['] imprisonment [for felony stealing], because this violated his right to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, section 10 of the Missouri Constitution, in that the sentencing enhancement factors contained in section 570.030.3, including enhancement based upon value, only apply to "any offense in which the value of property or services is an element," and since value is not an element of stealing, the sentencing enhancement factors under section 570.030.3 do not apply, and [Defendant] can only be convicted of and sentenced for misdemeanor stealing.

Defendant raises this sentencing issue for the first time on appeal. This issue is not preserved for our review; however, Defendant urges plain error review.

> Any issue that was not preserved can only be reviewed for plain error, which requires a finding that manifest injustice or a miscarriage of justice has resulted from the trial court error. Rule 30.20 provides that the appellate courts can conduct plain error review of sentences. Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice.

*State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010).

Defendant argues that, based on *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), his sentence was improperly enhanced to a felony. In *Bazell*, the State argued that the defendant's charge of stealing could be enhanced from a class A misdemeanor to a class C felony because

3

the property stolen (a firearm) was designated as eligible for enhancement in section 570.030.3.

*Id.* at 266. Our supreme court found the State's argument unpersuasive because

> the felony enhancement provision, by its own terms, only applies if the offense is one "in which the value of the property or services is an element." Stealing is defined in section 570.030.1 as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his consent or by means of deceit or coercion." **The value of the property or services appropriated is not an element of the offense of stealing**.

*Id.* (emphasis added).

In this case, the State attempts to factually distinguish *Bazell* by arguing that "[i]n *Bazell*, the defendant was charged with separate class C felony stealing charges for: (1) stealing firearms; and (2) stealing jewelry worth over $500, but the *Bazell* court reversed only the firearms conviction and refused to reverse the jewelry conviction."[4] (Citations omitted). We conclude, as the western district of our court recently did in *State v. McMillian*, that "*Bazell* made no distinction between the various ways the enhancement provision could be triggered." *State v. McMillian*, No. WD 79440, 2016 WL 6081923, at *2 (Mo.App. Oct. 18, 2016). "The specific character of the enhancement sought under section 570.030.3 is irrelevant because the enhancement simply does not apply to section 570.030.1." *Id.*[5]

Defendant was charged under section 570.030 with stealing. According to *Bazell*, Defendant's sentence for that offense may not be enhanced to a felony but, as a matter of law, can only be a class A misdemeanor. *See* section 570.030.8. Because Defendant was sentenced

---

[4] The supreme court stated in *Bazell* that it was not reversing the defendant's jewelry convictions because the defendant's briefs to the court of appeals had not included such an argument. *Id.* at 267 n.4.

[5] The State also relies on *State v. Brown*, 457 S.W.3d 772, 783 (Mo.App. 2014), *State v. Slocum*, 420 S.W.3d 685, 687 (Mo.App. 2014), and *MAI-CR 3d 324.02.1* for its argument that *Bazell* does not apply because "the value of the property stolen is clearly an element of the offense" "when the State charges a defendant with felony stealing based on the value of property stolen[.]" Given our constitutional obligation to follow the latest controlling decision of our supreme court, *City of Branson v. Hotels.com, LP*, 396 S.W.3d 378, 384 (Mo.App. 2013), and the clear and unequivocal language in *Bazell*—"The value of the property or services appropriated is not an element of the offense of stealing"—these authorities that preceded *Bazell* are no longer controlling or persuasive on this issue.

4

to a punishment greater than the maximum sentence, the sentence constitutes a manifest injustice and, therefore, plain error. *Severe*, 307 S.W.3d at 642. Accordingly, Defendant's fourth point is granted. His five-year sentence for stealing is reversed, and the case is remanded for resentencing on that offense as a class A misdemeanor.

### *Point One—Decision on Point Four Moots this Point*

Defendant's first point contends:

> The trial court erred in finding [Defendant] guilty, and in imposing judgment and sentence against him for the class C felony of stealing in Count I, because this violated [Defendant's] right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I § 10 of the Missouri Constitution in that the State failed to adduce substantial evidence of the value of the computer that had been taken, insofar as the only evidence was that in his investigation the officer was told about value by "a woman named Erin something at the IT department", which testimony was hearsay, and the State failed to establish "Erin something's" credentials for making such a judgment, or that she had used the statutorily articulated criteria for assessing value.

Because we conclude as part of Defendant's fourth point that the value of the property stolen was not an element of stealing such that Defendant's sentence could be enhanced, it necessarily follows that the State was not required to produce any evidence as to the value of the stolen property. Therefore, even if the State did not adduce substantial evidence of the specific value of the stolen computer as contended by Defendant in this point, an issue we do not address, Defendant's finding of guilt for stealing would still stand. Accordingly, Defendant's first point is moot.

### *Point Two—Sufficient Evidence Supports Property Damage Finding of Guilt*

Defendant's second point contends:

> The trial court erred in finding [Defendant] guilty of property damage and in pronouncing judgment and sentence against him on Count II, because this violated [Defendant's] right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I § 10 of the Missouri Constitution, in that there was insufficient evidence to prove beyond a reasonable doubt the essential element that [Defendant] had the purpose of promoting

5

property damage, or could have reasonably anticipated that Georges would damage property, as there was no evidence that [Defendant] intended for Georges to damage the projector, or had any reason to suspect that Georges would do so.

In reviewing the sufficiency of the evidence to support the trial court's judgment, this court must determine whether substantial evidence exists from which a reasonable fact-finder might have found Defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405, 411 (Mo. banc 1993). "Substantial evidence is evidence from which the trier of fact could reasonably find the issue in harmony with the verdict." *State v. Pittman*, 167 S.W.3d 232, 234 (Mo.App. 2005).

"A person commits the crime of property damage in the first degree if such person" "[k]nowingly damages property of another to an extent exceeding seven hundred fifty dollars[.]"[6] Section 569.100.1(1). "Missouri eliminated the distinction between principals and accessories in 1979, and it is now the law that all persons who act in concert are equally guilty." *State v. Barnum*, 14 S.W.3d 587, 591 (Mo. banc 2000). "A person is criminally responsible for the conduct of another when" "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." Section 562.041.1(2).

"When a defendant has embarked upon a course of criminal conduct with others, he is responsible for those crimes [that] he could reasonably anticipate would be part of that conduct. The evidence need not establish a defendant's specific knowledge of which particular crime his co-participant will commit." *State v. Whittemore*, 276 S.W.3d 404, 407 (Mo.App. 2009) (citations omitted). "Any evidence fairly showing affirmative participation by an accused in

---

[6] Defendant does not challenge the sufficiency of the evidence that the extent of the damage to the projector exceeded $750.

6

aiding another to commit a crime is sufficient to support a conviction. Indicia of aiding and abetting include presence at the scene of the crime during its commission, flight therefrom, and association with others involved before, during, and after commission." *State v. Skelton*, 887 S.W.2d 699, 702 (Mo.App. 1994) (citations omitted).

Defendant argues, based on *State v. Barker*, 442 S.W.3d 165, 176 (Mo.App. 2014), that "[t]here was no evidence that [Defendant] contemplated—or should have reasonably suspected— that Georges would damage property of the Wolf School."[7] According to Defendant, the evidence showed only that Defendant "stood by the two bicycles while Georges was inside[,]" and that Defendant "and Georges visited a pawn shop together." Because Defendant "was not present in the room when the projector was damaged[,]" Defendant would contend that none of the evidence "proves that [Defendant] intended, or could reasonably have contemplated, that Georges would damage the projector." We disagree.

First, *Barker* is dissimilar. In *Barker*, "the State relie[d] *exclusively* on [the defendant's] conduct in restoring" a computer the principal had used to view child pornography to claim "affirmative participation." *State v. Barker*, 442 S.W.3d 165, 173 (Mo.App. 2014) (emphasis added). The court held that restoring a computer was not "inherently incriminating conduct" and "does not support a reasonable inference that [the defendant] restored [the principal's] computer with the purpose or intent of aiding or encouraging [the defendant's] knowing possession of child pornography[.]" *Id.* at 173, 177.

---

[7] Defendant also relies on *Douglas v. State*, 410 S.W.3d 290, 293-94 (Mo.App. 2013). At issue in *Douglas* was whether the movant's guilty plea established his "awareness of the nature of the charges and all of the facts and admissions necessary to prove Movant aided or encouraged [the principal.]" 410 S.W.3d at 297. The court held, "The record does not persuade this Court that Movant unequivocally understood the nature of the charges against him, nor did the plea court meet the minimum requirements for establishing the pleas." *Id.* Because *Douglas* concerned the defendant's requisite awareness needed to support a guilty plea and not the sufficiency of the evidence to support a finding of guilt, it has no applicability here.

Here, Defendant and Georges were together before the crime, at the pawn shop. Defendant held the door open for Georges as they entered Bass Pro Shops together. Defendant later waited outside for Georges to finish stealing, and the two left together. These are all indicia of Defendant's affirmative participation. *Skelton*, 887 S.W.2d at 702 (indicia of affirmative participation includes association with others involved before, during, and after the commission of the crime). While the defendant in *Barker* had a noncriminal purpose for restoring the computer, the surveillance video here shows the two men making their way through a non-retail portion of Bass Pro Shops, the theft of the laptop, and then both men leaving the scene of the theft together. Coupled with their very recent pawn shop visits, this evidence supports a reasonable inference that neither had a legitimate reason to be in any part of this non-retail part of Bass Pro Shops and that their purpose in being there together was to steal property.

Second, because it is clear that Defendant and Georges embarked on a criminal course of conduct at Bass Pro Shops to steal property, Defendant is "responsible for those crimes [that] he could reasonably anticipate would be part of that conduct." *Whittemore*, 276 S.W.3d at 407. Defendant could reasonably anticipate that while engaged in conduct intended to steal property, property could be damaged. *See State v. Johnson*, 456 S.W.3d 521, 527 (Mo.App. 2015) (reasonable for jury to conclude that Johnson promoted a robbery such that the State was not also required to prove that he intended to assist in a robbery in which a deadly weapon would be displayed); *State v. Forister*, 823 S.W.2d 504, 507-08 (Mo.App. 1992) (although the defendant may not have known that the principal was armed, he was still responsible for armed robbery based on his intent to commit burglary). The still photograph of the damage to the projector admitted into evidence together with the evidence of the theft of the laptop supports a reasonable inference that Georges damaged the projector in his attempt to remove it from the wall in order

to steal it. Defendant could have reasonably anticipated that Georges' attempt to steal a Smart board projector affixed to the wall could result in damage to that property.

Based upon the above, there was sufficient evidence to support finding Defendant guilty for property damage. Point denied.

### *Point Three—Sentence for Property Damage is Unauthorized*

Defendant's third point states:

> The trial court plainly erred in sentencing [Defendant] to five years imprisonment for the Class D felony of property damage, in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, Section 10 of the Missouri Constitution, because the trial court lacked authority to sentence him to five years['] imprisonment, in that the maximum sentence authorized by the legislature for a Class D felony was four years['] imprisonment, and a miscarriage of justice will result if the sentence is not corrected.

The State's brief concedes that "[f]irst-degree property damage is classified as a class D felony. Section 569.100. The maximum authorized sentence for a class D felony is four years. Section 558.011. Thus, it appears that Defendant's five-year sentence for this count was an unauthorized sentence." We agree. As previously discussed in resolving point four, Defendant's unauthorized and excessive sentence constitutes a manifest injustice and, therefore, plain error. *Severe*, 307 S.W.3d at 642. Defendant's third point is granted, and his case is remanded for resentencing on the offense of property damage to no more than four years' imprisonment, the authorized maximum sentence of imprisonment for a class D felony.

### Conclusion

The trial court's judgment is affirmed as to Defendant's guilt for stealing and property damage and reversed as to sentencing for each offense. The matter is remanded for Defendant's resentencing in accordance with this opinion.

9

GARY W. LYNCH, P.J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs