

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD79253 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | December 27, 2016 |
| ANN M. METTERNICH, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel R. Green, Judge**

**Before Division IV:** Mark D. Pfeiffer, Chief Judge, and
Thomas H. Newton and Gary D. Witt, Judges

Ms. Ann Metternich ("Metternich") appeals her conviction of one count of the class C felony of stealing, § 570.030,[1] for which the Cole County Circuit Court ("circuit court") imposed a fine of $1,600. We reverse Metternich's felony stealing conviction and remand for proceedings consistent with this opinion.

---

[1] All statutory citations refer to the Revised Statutes of Missouri 2000, as supplemented, unless otherwise indicated.

**Factual and Procedural Background**

Viewing the evidence in the light most favorable to the verdict, Ms. Metternich stole a number of tuxedos and dress pants owned by Anderson's Formal Wear ("AFW") by appropriating the items without AFW's consent and with the purpose to deprive AFW of that property, namely eight tuxedos that had mistakenly been shipped to Metternich. Metternich owned and operated a clothing rental company known as Victoria's Bridal Boutique ("VBB") located in Jefferson City, Missouri. VBB was primarily in the business of renting formalwear for special events, but it also sold a variety of formalwear items. VBB rented (and occasionally purchased) a large amount of its merchandise from AFW, a wholesale clothing rental company based in Rochester, Minnesota, with a distribution center located in Kansas City, Kansas.

Metternich was charged with and tried for the class C felony of stealing under section 570.030.3 (as opposed to general misdemeanor stealing under section 570.030.1) because the value of the stolen merchandise was alleged to be at least five hundred dollars. Following a bench trial, the trial judge returned a guilty verdict on the felony stealing charge and sentenced Metternich to a fine of $1,600. In its judgment, the trial court made the following findings:

1. Defendant was an owner of [VBB] in Jefferson City, Missouri.

2. [VBB] had an ongoing business relationship with [AFW] as a wholesale rental business whereby [AFW] would provide tuxedos to [VBB] for use in its business.

3. On April 23, 2009, [AFW] mistakenly delivered eight tuxedos to [VBB] that they intended to ship to a store in Odessa, Missouri called Special Occasions.

4. This Court finds beyond a reasonable doubt that these tuxedos (eight coats and seven pants) [were] property owned by and provided by [AFW], that the defendant appropriated this property without the consent of [AFW] and with the purpose to deprive [AFW] thereof.

5. The eight tuxedos had an approximate value of $1,600.00.

2

Based on these facts, the Court finds the Defendant guilty of the Class C felony of stealing and Defendant is sentenced to a fine of $1,600.00.

Metternich timely appealed.

## Analysis

In her first point on appeal, Metternich contends that the trial court erred in finding her guilty of felony stealing because there was insufficient evidence to support her conviction. In her second point on appeal, Metternich contends that the trial court plainly erred in finding her guilty of felony stealing because the recent holding of *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), proscribes the felony enhancement of a stealing charge based on the monetary value of the goods stolen. Because Point II is dispositive, we address it first and need not address Point I in our ruling today.

### Standard of Review

Metternich failed to raise a *Bazell* challenge to her felony charge with the trial court; her objection to the trial court's judgment is untimely and she did not preserve the issue for appellate review. *See*, *e.g.*, *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009) ("Non-preserved issues are reviewed for plain error, if the error resulted in manifest injustice or a miscarriage of justice."). Where no timely objection was made to the trial court, the claim is waived on appeal and we will review the point for plain error only. *See* Rule 30.20. "[A]n appellate court reviews for plain error when it can determine from the face of the record that the trial court had no power to enter the conviction." *Bazell*, 497 S.W.3d at 266.

3

*Analysis*

Metternich was charged under section 570.030, Missouri's stealing statute.[2]  In its indictment, the State enhanced Metternich's charges to a felony pursuant to subsection 570.030.3. That subsection provides, in relevant part:

> 3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:
>
> (1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars[.]

§ 570.030.3.

However, our Supreme Court recently held that misdemeanor stealing charges may not be enhanced to a felony under the terms of subsection 570.030.3 because that subsection only applies if the offense is one in which "the value of property or services" is an element, and the value of property or services appropriated is *not* an element of "stealing" as that crime is generally defined in subsection 570.030.1. *Bazell*, 497 S.W.3d at 266. Accordingly, a stealing offense charged under section 570.030 may not be enhanced to a felony under the terms of subsection 570.030.3, and any such felony conviction must be reversed and the case remanded. *See id.* at 267.

In light of the *Bazell* decision, it is clear that subsection 570.030.3 could not apply to enhance Metternich's stealing charge to a felony, the trial court had no power to enter judgment against Metternich for felony stealing, and thus, the trial court plainly erred in doing so. *See id.* Metternich's felony stealing conviction must be reversed and the case remanded.

---

[2] A person commits the crime of stealing when she "appropriates property . . . of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." § 570.030.1.

## Conclusion

The trial court's judgment is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

_____
Mark D. Pfeiffer, Chief Judge

Thomas H. Newton and Gary D. Witt, Judges, concur.