STATE of Missouri EX REL. Joshua
D. HAWLEY, Relator,

v.

The Honorable Bart SPEAR, Circuit Judge of DeKalb County, and Julie Whitsell, Circuit Clerk DeKalb County Circuit Court, Respondents.

State of Missouri ex rel. Joshua
D. Hawley, Relator,

v.

The Honorable Robert L. Koffman, Circuit Judge of Cooper County, and Nancy Fisher, Circuit Clerk Cooper County Circuit Court, Respondents.

State of Missouri ex rel. Joshua
D. Hawley, Relator,

v.

The Honorable Robert L. Koffman, Circuit Judge of Cooper County, and Nancy Fisher, Circuit Clerk Cooper County Circuit Court, Respondents.

State of Missouri ex rel. Joshua
D. Hawley, Relator,

v.

The Honorable Randall R. Jackson, Circuit Judge of Buchanan County, and Mary Beattie, Circuit Clerk Buchanan County Circuit Court, Respondents.

State of Missouri ex rel. Joshua
D. Hawley, Relator,

v.

The Honorable Randall R. Jackson, Circuit Judge of Buchanan County, and Mary Beattie, Circuit Clerk Buchanan County Circuit Court, Respondents.

---

State of Missouri ex rel. Joshua D. Hawley, Relator,

v.

The Honorable Aaron J. Martin, Associate Circuit Judge of Moniteau County, and Michelle Higgins, Circuit Clerk Moniteau County Circuit Court, Respondents.

WD 80443, WD 80476, WD 80478, WD 80489, WD 80500, WD 80501

Missouri Court of Appeals, Western District.

Filed: November 14, 2017

Patrick J. Logan, for relators in WD 80443 and WD 80476.

Wyatt Z. Roberts and Kenneth C. Hensley, for respondents in WD 80443.

Andrew J. Crane, for relators in WD80478, WD80489, WD80500 and WD80501.

Craig A. Johnston, for respondents in WD 80476, WD 80478, WD80489 and WD80501.

Before Writ Division: Alok Ahuja, P.J., and Karen King Mitchell and Cynthia L. Martin, JJ.

Alok Ahuja, Judge

These six cases are original proceedings in certiorari, brought by the State to re-

view the circuit court's grant of writs of habeas corpus to Brandon Beth (WD80443), Jeffrey Lee (WD80476), Timothy Fendler (WD80478), Gary Odum (WD80489), Billy Williams (WD80500), and Joseph Payne (WD80501) (the "Habeas Petitioners"). Because the writs of habeas corpus granted in each case must be quashed for the identical reason, we issue this single opinion addressing all six proceedings.

In each of these cases, the Habeas Petitioner was convicted prior to January 1, 2017, of the class C felony of stealing, and sentenced accordingly. Under the version of § 570.030, RSMo applicable at the time of the Habeas Petitioners' convictions, stealing was generally classified as a class A misdemeanor. The stealing offense of which each Habeas Petitioner was convicted was enhanced to a class C felony, however, because their offenses involved property valued at more than $500, which was understood to subject the offense to enhancement under § 570.030.3(1), RSMo.

In *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), the Missouri Supreme Court held that the circumstances listed in the pre-2017 version of § 570.030.3, RSMo could not be employed to enhance a stealing conviction from a class A misdemeanor to a class C felony. *Id.* at 266-67. In *State v. Smith*, 522 S.W.3d 221 (Mo. banc 2017), the Court specifically held that, following *Bazell*, a stealing offense could not be enhanced to a class C felony by operation of § 570.030.3(1), RSMo based on the value of the property at issue. 522 S.W.3d at 230.

Following the *Bazell* decision, each of the Habeas Petitioners filed a petition for writ of habeas corpus, arguing that their stealing offenses had been unlawfully enhanced to felonies; and that their convictions, sentences, and continued incarceration were accordingly illegal. In each case, the circuit court granted relief to the Habeas Petitioner, vacating each Petitioner's felony conviction and sentence.

The State thereafter filed petitions for writs of certiorari in this Court, seeking our review of the circuit court's decisions. We issued writs of certiorari in each case, and then stayed further proceedings pending the Missouri Supreme Court's decision in similar cases involving the availability of habeas relief under *Bazell*.

 A writ of certiorari is "available to correct [habeas] judgments that are in excess or an abuse of jurisdiction, and that are not otherwise reviewable by appeal." *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 518 (Mo. banc 2001) (citation omitted). In a certiorari proceeding, "we assess whether the habeas court exceeded its authority or abused its discretion in issuing the writ of habeas corpus." *State ex rel. Koster v. Oxenhandler*, 491 S.W.3d 576, 589 (Mo. App. W.D. 2016) (footnote omitted). We may "either quash the writ [of habeas corpus] or uphold the actions of the habeas court." *State ex rel. Koster v. Jackson*, 301 S.W.3d 586, 589 (Mo. App. W.D. 2010) (citation omitted).

■ Here, after the circuit court granted relief to each of the Habeas Petitioners, the Missouri Supreme Court held that "the *Bazell* holding only applies forward, except those cases pending on direct appeal." *State ex rel. Windeknecht v. Mesmer*, No. SC96159, 530 S.W.3d 500, 503, 2017 WL 4479200, at *3 (Mo. banc Oct. 5, 2017). *Windeknecht* held that offenders seeking habeas relief "received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in *Bazell*." *Id.*

In light of the Missouri Supreme Court's decision in *Windeknecht*, we dissolve the stay of proceedings previously entered in

these cases. Under *Windeknecht*, the Habeas Petitioners are not entitled to habeas relief based on the *Bazell* decision, and the circuit court abused its discretion in granting such relief. We accordingly quash the writs of habeas corpus issued by the circuit court in each case.

All concur.

**J.S., Appellant,**