Anthony Rex Gabbert, Judge
Habeas Petitioner Christopher Comstock was convicted prior to January 1, 2017 of the class C felony of stealing and was sentenced accordingly. Under the version of § 570.030, RSMo applicable at the time of Habeas Petititioner's conviction, stealing was generally classified as a class A misdemeanor. However, Habeas Petitioner's stealing offense was enhanced to a class C felony, because his offense involved property valued at more than $500, which was understood to subject the offense to enhancement under § 570.030.3(1), RSMo.
In State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), the Missouri Supreme Court held that the circumstances listed in the pre-2017 version of § 570.030.3, RSMo could not be employed to enhance a stealing conviction from a class A misdemeanor to a class C felony. Id. at 266-67. In State v. Smith , 522 S.W.3d 221 (Mo. banc 2017), *334 the Court specifically held that, following Bazell , a stealing offense could not be enhanced to a class C felony by operation of § 570.030.3(1), RSMo based on the value of the property at issue. 522 S.W.3d at 230.
Following the Bazell decision, Habeas Petitioner filed a petition for writ of habeas corpus, arguing that his stealing offense had been unlawfully enhanced to a felony, and that his conviction, sentence, and continued incarceration were accordingly illegal. The circuit court granted relief to the Habeas Petitioner, vacating Petitioner's felony conviction and sentence.
The State thereafter filed a petition for writ of certiorari in this Court on June 5, 2017, seeking our review of the circuit court's decision. We issued a preliminary writ of certiorari on June 6, 2017 and then stayed further proceedings pending the Missouri Supreme Court's decision in similar cases involving the availability of habeas relief under Bazell .
A writ of certiorari is "available to correct [habeas] judgments that are in excess or an abuse of jurisdiction, and that are not otherwise reviewable by appeal." State ex rel. Nixon v. Sprick , 59 S.W.3d 515, 518 (Mo. banc 2001) (citation omitted). In a certiorari proceeding, "we assess whether the habeas court exceeded its authority or abused its discretion in issuing the writ of habeas corpus." State ex rel. Koster v. Oxenhandler , 491 S.W.3d 576, 589 (Mo. App. W.D. 2016) (footnote omitted). We may "either quash the writ [of habeas corpus] or uphold the actions of the habeas court." State ex rel. Koster v. Jackson , 301 S.W.3d 586, 589 (Mo. App. W.D. 2010) (citation omitted).
Here, after the circuit court granted relief to Habeas Petitioner, the Missouri Supreme Court held that "the Bazell holding only applies forward, except those cases pending on direct appeal." State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017). Windeknecht held that offenders seeking habeas relief "received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in Bazell ." Id.
In light of the Missouri Supreme Court's decision in Windeknecht , we dissolve the stay of proceedings previously entered. Under Windeknecht , Habeas Petitioner is not entitled to habeas relief based on the Bazell decision, and the circuit court abused its discretion in granting such relief. We accordingly quash the writ of habeas corpus issued by the circuit court.
All concur.