

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| MARLON BROOKS, | ) | No. ED106356 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael T. Jamison |
| | ) | |
| Respondent/Respondent. | ) | Filed: March 5, 2019 |

## Introduction

Marlon Brooks (Movant) appeals from the denial of his Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence (amended motion). We affirm.

## Facts and Background

In June 2015, the State of Missouri (State) charged Movant under Section 570.040[1] with stealing, third offense. The State alleged that Movant had entered a CVS pharmacy on January 27, 2015, and took assorted merchandise. The State also alleged Movant had been found guilty of two other stealing-related charges: in July 2008, Movant pleaded guilty in the City of St. Louis to misdemeanor stealing; that same month and year, Movant also pleaded guilty in the City of St. Louis to felony stealing.

---

[1] All statutory references are to RSMo Supp. 2009 unless otherwise indicated.

On April 11, 2016, Movant pleaded guilty to the charge of stealing, third offense. In doing so, Movant admitted to entering the CVS pharmacy and taking assorted merchandise, and doing so without consent with the purpose to deprive CVS of the property. Movant also admitted to having pleaded guilty to the two previous stealing-related offenses as alleged by the State. The court accepted Movant's plea and sentenced him to three years' imprisonment.

On September 6, 2016, Movant timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Judgment and Sentence pursuant to Rule 24.035[2]. On October 7, 2016, the motion court ordered counsel appointed for Movant, and counsel entered her appearance on behalf of Movant on October 19, 2016. The motion court then granted a 30-day extension to file an amended motion.

On December 30, 2016, Movant timely filed his amended motion. Movant's amended motion alleged the plea court erred in sentencing him under Section 570.040 to three years' imprisonment as it was without authority to do so under State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016). The motion court denied Movant's amended motion without an evidentiary hearing, finding Bazell inapplicable to Movant's case. Movant appeals from this judgment.

Points Relied On

Movant attempts to apply Bazell to his guilty plea in two ways: First, Movant claims Bazell held a conviction under Section 570.040 cannot be a felony because the value of the goods or services appropriated is not an element of the offense. His second claim is that his guilty plea must be vacated, because one of the predicate stealing offenses in the City of St. Louis upon which his conviction is based was an offense to which the Bazell holding applies.

---

[2] All rule references are to Mo. R. Crim. P. 2016 unless otherwise noted.

<u>Standard of Review</u>

We review the motion court's findings of fact and conclusions of law for clear error. Rule 24.035(k); <u>Flores v. State</u>, 186 S.W.3d 398, 399 (Mo. App. E.D. 2006). We will reverse only if, on review of the entire record, we are left with a definite and firm impression a mistake has been made. <u>Reid v. State</u>, 192 S.W.3d 727, 731 (Mo. App. E.D. 2006).

<u>Point I</u>

In his first point, Movant claims his conviction could not be sentenced as a felony under <u>State v. Bazell</u>.

In <u>Bazell</u>, the Missouri Supreme Court held stealing a firearm could not be enhanced to a felony under subsection 570.030.3 because the statute, as plainly written, did not apply unless the value of the property or services appropriated was an element of the offense. 497 S.W.3d at 267. This holding was subsequently clarified by the Missouri Supreme Court to apply to all of subsection 570.030.3. <u>State v. Smith</u>, 522 S.W.3d 221, 229-30 (Mo. banc 2017).

Movant was not convicted under Section 570.030; he was convicted under Section 570.040. Section 570.040.1 states:

> Every person who has previously pled guilty to or been found guilty of two stealing-related offenses committed on two separate occasions where such offenses occurred within ten years of the date of occurrence of the present offense and who subsequently pleads guilty or is found guilty of a stealing-related offense is guilty of a class D felony, unless the subsequent plea or guilty verdict is pursuant to paragraph (a) of subdivision (3) of subsection 3 of section 570.030, in which case the person shall be guilty of a class B felony, and shall be punished accordingly.

The language analyzed under <u>Bazell</u> does not appear anywhere in Section 570.040. <u>Bazell</u> is thus inapplicable.

Nonetheless, Movant would have us transplant the invalid subsection from Section 570.030 into Section 570.040, and in doing so hold Section 570.040 invalid under <u>Bazell</u>.

3

Movant argues this is necessary so the statutes may be construed *in pari materia*. This Court is without authority to make such an interpretation. "[T]he primary rule of statutory interpretation … is to give effect to the plain and ordinary meaning of the statutory language." Bazell, 497 S.W.3d at 266, citing State ex rel. Valentine v. Orr, 366 S.W.3d 534, 540 (Mo. banc. 2012). "When the meaning of a statute is clear, the Court should not employ canons of construction to achieve a desired result." Id., citing Goerlitz v. City of Maryville, 333 S.W.3d 450, 455 (Mo. banc 2011). As stated above, the language in Section 570.030 which Bazell discussed does not appear in Section 570.040. Thus, Bazell's holding is plainly inapplicable. Even if this Court desired to invalidate a felony conviction under Section 570.040, we could not do so by grafting language onto it from a different statute.

Movant's stealing conviction was not enhanced with any of the enhancements in Section 570.030.3. His offense was enhanced under Section 570.040. "Because [his offense was] enhanced to [a] felon[y] based on section 570.040, and not section 570.030.3, [it is] beyond the reach of the Bazell decision ...." State v. Rall, 557 S.W.3d 498, 499 n.3 (Mo. App. W.D. 2018).

Point I is denied.

## Point II

Movant next claims his conviction under Section 570.040 was invalid because one of the previous stealing-related convictions it relied on was invalid under State v. Bazell. Specifically, he references his felony conviction for stealing in the City of St. Louis that occurred in 2006, and to which he pleaded guilty in 2008.

This claim fails for two reasons. First, Bazell does not apply to his felony conviction for stealing in 2008. This is because Bazell does not apply retroactively; it only applies forward and

4

to cases pending on direct appeal. <u>State ex rel. Windeknecht v. Mesmer</u>, 530 S.W.3d 500, 503 (Mo. banc 2017).[3]

Second, even if Movant were able to avail himself of <u>Bazell</u> with regard to his prior felony conviction, it would make no difference for the purposes of his instant conviction. The <u>Bazell</u> holding did not function to altogether invalidate prior convictions. Rather, <u>Bazell</u> held the convictions could not be enhanced to felonies under the invalidated subsection. <u>Smith</u>, 522 S.W.3d at 229-230. Thus, even if Movant could challenge the felony enhancement of the City of St. Louis stealing offense under <u>Bazell</u>, it would have remained as a misdemeanor stealing offense. Section 570.040 applies to "[e]very person who has previously pled guilty to or been found guilty of two stealing-related offenses." As defined in Section 570.040.2, a misdemeanor stealing offense is still a prior stealing-related offense. Indeed, the other offense upon which his Section 570.040 conviction is predicated is a misdemeanor stealing offense. Applying <u>Bazell</u> to his previous felony stealing conviction would have no effect on his Section 570.040 conviction.

Point II is denied.

Conclusion

The judgment of the motion court is affirmed.

<i>Sherri B. Sullivan</i>

_____

SHERRI B. SULLIVAN, P.J.

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

---

[3] We do not reach the question of whether Movant may collaterally attack his prior conviction in a different circuit under Rule 24.035 because it is unnecessary to the disposal of this appeal.

5