

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| ANDREW M. MARTY, | ) | No. ED107061 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | |
| | ) | Honorable Darrell E. Missey |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 11, 2019 |

This is an appeal from the denial of a post-conviction relief motion on the class C felony of stealing by the motion court. We dismiss this appeal for lack of jurisdiction.

Movant Andrew Marty ("Marty") appeals the motion court's denial, without an evidentiary hearing, of his amended motion for post-conviction relief under Mo. Sup. Ct. Rule 24.035.[1] On May 28, 2013, Marty pleaded guilty to the class C felony of stealing under § 570.030.3 RSMo[2] for the theft of an Apple iPod Touch, an Apple iPhone, and a PlayStation, valued at over $500. Marty contends the motion court clearly erred in denying his motion for post-conviction relief, claiming the suspended execution sentence entered on July 29, 2013 exceeded the maximum authorized by law under the Supreme Court of Missouri's holding in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016).

---

[1] All rule citations are to Missouri Supreme Court Rules (2018) unless otherwise indicated.

[2] All statutory references are to the Revised Statutes of Missouri (2000) unless otherwise indicated.

## Procedural Background

On May 28, 2013, Marty pleaded guilty in three cases, facing two separate charges of the class C felony of stealing and one for tampering. In this case, the State alleged on October 17, 2012, Marty took an Apple iPod Touch, an Apple iPhone, and a PlayStation, valued at over $500, from a victim's pickup truck. Marty was sentenced to five years of imprisonment in the Missouri Department of Corrections to run concurrently. The court suspended execution of Marty's sentences and placed him on five years of supervised probation.

On January 4, 2017, the court discharged Marty from probation on both felony stealing charges, referencing *State v. Bazell,* 497 S.W.3d 263 (Mo. banc 2016). In the same hearing, the trial court revoked Marty's probation in the tampering case, ordering the five-year sentence executed. Marty was delivered to MDOC *on his sentence for tampering alone* on January 12, 2017 to begin serving his sentence on the tampering charge. In both felony stealing cases, he timely filed his *pro-se* motion, which was timely amended by Motion Counsel on July 24, 2017. Marty's Motion counsel raised the same argument in both felony stealing cases for post-conviction review, alleging five-year sentences for stealing under § 570.030.3 RSMo 2009 exceeded the maximum allowed by law under *State v. Bazell,* 497 S.W.3d 263 (Mo. banc 2016).

On July 13, 2018, in both felony stealing cases, the Court denied Marty's request for resentencing, noting the Court of Appeals has determined such relief is not available under Rule 24.035 for pre-*Bazell* sentences, citing *Watson v. State,* 545 S.W.3d 909 (Mo. App. W.D. 2018).

## Legal Analysis of Jurisdiction

At the outset of every case, we assess our own jurisdiction in addition to that of the trial court below, because a decision without jurisdiction is a legal nullity. *Hussmann Corp. v. UQM Elecs. Inc.,* 172 S.W.3d 918, 920 (Mo. App. E.D. 2005). An appellate court must always determine

whether it has the authority to address the merits of an appeal, with our jurisdiction deriving from proper exercise of jurisdiction of the court below. *Viehweg v. Mello*, 8 S.W.3d 187, 188 (Mo. App. E.D. 1999).

Rule 24.035(b) provides that where a defendant does not directly appeal the judgment, the defendant must file the Rule 24.035 motion within ninety days of the date the defendant is delivered to the Department of Corrections. Here, Marty was never delivered to the Department of Corrections on his conviction of felony stealing. Instead, his probation was discharged, which terminated the trial court's jurisdiction. *Norfolk v. State*, 200 S.W.3d 36, 38 (Mo. App. W.D. 2006). The same is true in his other pending appeal for post-conviction relief from his discharged probation for felony stealing on identical briefing.

In short, Marty was incarcerated on an unrelated conviction; he had not been imprisoned on the conviction underlying this post-conviction claim. In such circumstances, the appropriate disposition is dismissal. *See Hopkins v. State*, 802 S.W.2d 956, 958 (Mo.App. W.D. 1991).

## Conclusion

After reviewing the record on appeal and the appellate briefs of the parties, we dismiss this appeal for lack of jurisdiction.

_____
Philip M. Hess, Presiding Judge

Robert G. Dowd, Jr., J. and
Mary K. Hoff, J. concur.

3