

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,          )    *Opinion issued October 13, 2020*
                                )
            Respondent,      )
                                )
v.                                 )    No. SC98018
                                )
JOHN A. GOLDEN,          )
                                )
            Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF LINCOLN COUNTY
The Honorable Thomas J. Frawley, Judge

PER CURIAM

John A. Golden appeals from the circuit court's judgment convicting him of felony stealing, section 570.030.[1]  Golden asserts the judgment is erroneous because, prior to his sentencing, this Court held in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), that stealing under section 570.030 is a class A misdemeanor that cannot be enhanced to a class C felony.  Because Golden's conviction for felony stealing was not final when *Bazell* was decided, he was entitled to the benefit of its ruling at the time of his sentencing.  The circuit

---

[1] All statutory citations are to RSMo Supp. 2013 unless otherwise stated.

court, therefore, erroneously sentenced him for felony stealing. The judgment is reversed, and the case is remanded for sentencing consistent with this opinion.

## Statement of Facts

In 2014, Golden was charged with appropriating batteries and a battery charger worth at least $500 in violation of section 570.030. Golden pleaded guilty as charged; imposition of sentence was suspended; and he was placed on probation for five years. While Golden was on probation, this Court decided *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016).

In 2018, the circuit court revoked Golden's probation and sentenced him to four years in prison. Golden objected, asserting his offense constituted a misdemeanor pursuant to *Bazell* and he should be sentenced accordingly. The circuit court overruled Golden's objection. Golden appealed. Following a decision by the court of appeals, this Court granted transfer.[2] Mo. Const. art. V, § 10.

## Standard of Review

Typically, this Court reviews sentencing decisions for abuse of discretion. *State v. Russell*, 598 S.W.3d 133, 136 (Mo. banc 2020). Whether Golden was entitled to the benefit

---

[2] After this Court granted transfer, the briefing schedule was stayed pending this Court's decision in *State v. Russell*, 598 S.W.3d 133 (Mo. banc 2020). After the opinion issued in *Russell*, Golden filed a motion to reverse the circuit court's judgment and remand for entry of judgment of conviction for a class A misdemeanor. The state did not object or file a response to Golden's motion. Accordingly, this Court will not activate the briefing schedule, and the appeal will be decided on the record transferred from the court of appeals. Golden's motion is sustained. No motion for rehearing shall be filed, and resentencing should occur as soon as possible.

of *Bazell* at the time of his sentencing, however, is a matter of law this Court reviews *de novo.* *Id.* at 137.

## Analysis

Golden contends the circuit court erred in overruling his objection to being sentenced for felony stealing in that his offense constituted a misdemeanor under this Court's holding in *Bazell*. In *Bazell*, this Court concluded that, because the value of property or services is not an element of the offense of stealing, section 570.030.3 could not be used to enhance an otherwise misdemeanor stealing offense to a class C felony. 497 S.W.3d at 267. In *Russell*, this Court held *Bazell* applies prospectively "to cases in which a guilty plea [for felony stealing] had been entered but a sentence had not yet been imposed and, therefore, were not final at the time *Bazell* was decided." *Id.*; *see also Hamilton v. State*, 598 S.W.3d 607, 610-11 (Mo. banc 2020). The circuit court, therefore, erred in overruling Golden's objection and sentencing him for a class C felony when, pursuant to *Bazell*, his offense was a class A misdemeanor.

## Conclusion

The circuit court's judgment convicting Golden of felony stealing is reversed, and the case is remanded for sentencing consistent with this opinion.

All concur.

3