STATE EX REL. Amy J. FITE,
Christian County Prosecuting
Attorney, Relator,

v.

The Honorable Laura JOHNSON,
Respondent.

State of Missouri, Appellant,

v.

Robby Ledford, Respondent.

Nos. SC 96474 and SC 96664

Supreme Court of Missouri,
en banc.

Opinion issued October 31, 2017

The prosecutor in SC96474 was represented by John L. Young of the Christian County prosecutor's office in Ozark, (417) 581-7915.

The state in SC96664 was represented by Nathan J. Aquino of the attorney general's office in Jefferson City, (573) 751-3321.

The Ledford in both cases was represented by Stuart P. Huffman of Whiteaker & Wilson PC in Springfield, (417) 882-7400.

Zel M. Fischer, Chief Justice

Amy J. Fite, the Christian County Prosecuting Attorney, filed a petition for a writ of prohibition alleging the circuit court exceeded its authority by sustaining Robby Ledford's Rule 29.07(d) motion to withdraw his plea of guilty to felony stealing

pursuant to § 570.030.3(1)[1] and resentencing him as a misdemeanor offender. Ledford's claim is procedurally defaulted and substantively meritless. This Court's preliminary writ of prohibition is made permanent.

## Facts and Procedural Background

In 2013, Ledford pleaded guilty to stealing property worth more than $500 but less than $25,000. Pursuant to § 570.030.3(1), the circuit court sentenced Ledford as a felon to five years' imprisonment, suspended imposition of the sentence, and placed him on probation for five years.

In November 2015, the circuit court revoked Ledford's probation, executed his sentence, and delivered him to the custody of the Department of Corrections. Ledford did not appeal, nor did he file a Rule 24.035 motion for post-conviction relief.

In February 2017, after expiration of the period for filing a timely Rule 24.035 motion for post-conviction relief, Ledford filed the underlying Rule 29.07(d) motion to withdraw his guilty plea.[2] Ledford claimed his conviction and sentence for felony stealing were unlawful and constituted manifest injustice pursuant to *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). Ledford argued *Bazell* applies retroactively and holds that stealing in violation of § 570.030.1 is a class A misdemeanor, not a felony. The circuit court sustained Ledford's motion, issued an order amending the stealing charge from a felony to a class A misdemeanor, and resentenced him to one year in the county jail with credit for time served.[3] The State filed the instant

---

1. Statutory citations are to RSMo Supp. 2013.

2. Rule 24.035(b) provides, if no appeal is taken from the judgment or sentence, a motion for post-conviction relief following a guilty plea "shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."

3. The sentence for a class A misdemeanor cannot exceed one year. Section 558.011.1(5).

writ petition and a notice of appeal.[4]

## Standard of Review

■ This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. "A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014).

## The Circuit Court Lacked Authority

■ A criminal judgment becomes final when a sentence is entered. *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002). "[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993). This Court has recognized Rule 29.07(d) provides for a post-sentence civil matter. *See Brown v. State*, 66 S.W.3d 721, 724–25, 730 n.5 (Mo. banc 2002). Therefore, the circuit court had jurisdiction to adjudicate Ledford's Rule 29.07(d) motion as a civil matter. *See* Mo. Const. art. V, sec. 14(a).

■ The circuit court lacked authority, however, to sustain the motion.[5] Because

Ledford pleaded guilty, his claims for post-conviction relief are governed by Rule 24.035. Rule 24.035(a) "provides the exclusive procedure" to seek relief for the claims enumerated in the rule. *Brown*, 66 S.W.3d at 727. Rule 24.035, therefore, was the exclusive procedure by which Ledford could have collaterally attacked the final judgment based on his claim his sentence exceeds the maximum sentence authorized by law. Ledford's claim is procedurally defaulted due to his failure to file a Rule 24.035 motion for post-conviction relief.

■ Contrary to the circuit court's order, Rule 29.07(d) does not provide an independent basis for reviewing procedurally defaulted claims for post-conviction relief. *Brown*, 66 S.W.3d at 730. Rule 29.07(d) provides:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Rule 29.07(d) does not apply to claims enumerated within Rule 24.035. *Brown*, 66 S.W.3d at 730 n.5. Ledford's claim that his sentence was in excess of the maximum authorized by law was within the purview of Rule 24.035; therefore, Rule 29.07(d) has no application. The circuit court lacked authority to grant relief pursuant to Rule 29.07(d).

---

4. This Court issued a preliminary writ of prohibition and, pursuant to Rule 83.01, transferred the appeal to this Court prior to opinion by the court of appeals. *State v. Ledford*, SC96664. Because this Court's writ is made permanent, the appeal is dismissed.

5. Authority concerns a court's power to render a particular judgment or take a particular

action in a particular case based on the existing law, while jurisdiction concerns a court's power to render *any* judgment or take *any* action in a particular case. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253–54 (Mo. banc 2009); *In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006).

■ . The circuit court's error is compounded by the fact Ledford's claim is substantively meritless. Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell*, 497 S.W.3d at 266. Although *State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell*, 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht v. Mesmer*, SC96159, 530 S.W.3d 500, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* applies prospectively only, except in those cases pending on direct appeal.[6] The circuit court's order erroneously assumed *Bazell* applies retroactively. Ledford's claim, therefore, is both procedurally defaulted and substantively meritless.

### Conclusion

The circuit court lacked authority to amend the information and resentence Ledford to a misdemeanor. The preliminary writ of prohibition is made permanent.

All concur.

---

**6.** Section 570.030 has been amended and, effective January 1, 2017, no longer contains the same language addressed in *Passley* and *Bazell*.