Lisa P. Page, Presiding Judge
David Cotner ("Defendant") appeals the judgment on his convictions of felony stealing from a person and felony attempted stealing pursuant to Section 570.030 RSMo Cum. Supp. 2013.[1]
BACKGROUND
In 2015, Defendant was charged with first-degree robbery and armed criminal action for allegedly stealing from a Family Dollar store. Additionally, Defendant was charged with attempted stealing and attempted first-degree robbery for a subsequent incident at a Walgreens. Defendant waived his right to a jury trial, and agreed to trial by the court. He pleaded guilty to the charges of attempted stealing and attempted first-degree robbery, and proceeded to a bench trial on the charges of first-degree robbery and armed criminal action.
Following trial, the court entered judgment finding Defendant guilty of the lesser-included offense of stealing from a person on the first-degree robbery charge and found Defendant not guilty of armed criminal action. The court entered its judgment sentencing Defendant to five years for the stealing and attempted first-degree robbery convictions, and three years for attempted stealing. The present appeal followed.
DISCUSSION
Defendant presents two points on appeal; however, because our analysis is the same for both points, we address them together. Each of Defendant's points on appeal assert that the trial court erred entering judgment and sentence on his convictions for felony stealing and felony attempted stealing. Defendant claims he could only be convicted and sentenced to misdemeanor stealing and attempted stealing pursuant to Section 570.030. The State concedes error.
The Missouri Supreme Court has clearly stated the provisions of Section 570.030.3 cannot be used to enhance a defendant's offenses to felony stealing if the value of *438 property or services is not an element of the crime. See State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016) (superseded by statute as stated in State ex rel. Fite v. Johnson , 530 S.W.3d 508 (Mo. banc 2017) ; and State v. Smith , 522 S.W.3d 221 (Mo. banc 2017) ). Pursuant to Section 570.030, a person commits the crime of stealing if he "appropriates the property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." The value of the property or services appropriated is not an element of the crime. In Section 570.030.3, the legislature clearly and unambiguously stated only offenses for which the value or property or services was an element could be enhanced to a felony. See Id.
Here, as the State concedes, the trial court erred in enhancing Defendant's stealing and attempted stealing convictions. As discussed above, these offenses must be classified as misdemeanors.
CONCLUSION
The judgment of the trial court is reversed as to the convictions of felony stealing and attempted stealing, and the cause is remanded for resentencing on those convictions as misdemeanors. In all other respects, the trial court's judgment is affirmed.
Roy L. Richter, J., and Philip M. Hess, J., concur.

All further statutory references are to RSMo Cum. Supp. 2013.