

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| **HEATHER HAMILTON,** | ) | *Opinion issued April 28, 2020* |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **No. SC97881** |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Lincoln County**
**The Honorable James Beck, Judge**

Heather Hamilton appeals the circuit court's judgment overruling her Rule 24.035 motion for postconviction relief from the two five-year sentences imposed on her for class C felony stealing under section 570.030.[1] Ms. Hamilton alleges the sentences the circuit court imposed exceeded the sentences authorized by law because the sentences were imposed after this Court held in *State v. Bazell, 497 S.W.3d 263, 269 (Mo. banc 2016)*, that stealing in violation of section 570.030 is a class A misdemeanor that cannot be enhanced to a class C felony. This Court agrees. Because Ms. Hamilton's judgment of conviction was not yet final when this Court decided *Bazell*, and because in *State ex rel. Windeknecht*

---

[1] All statutory references are to RSMo Supp. 2009 unless otherwise noted.

*v. Mesmer, 530 S.W.3d 500, 503 (Mo. banc 2017)*, this Court held the rule announced in *Bazell* would apply going forward, Ms. Hamilton is correct that she was entitled to have *Bazell* applied to her sentencing. The circuit court, therefore, erred in entering judgments of conviction against Ms. Hamilton and sentencing her as if her crimes were class C felonies. Ms. Hamilton's crimes were class A misdemeanors under *Bazell*, and she should have been sentenced accordingly. The judgment is reversed, and the case is remanded.

## I.    *FACTUAL AND PROCEDURAL BACKGROUND*

In 2011, Ms. Hamilton was charged with two counts of the class C felony of stealing a controlled substance in violation of section 570.030.[2] In March 2012, she pleaded guilty to both felony counts after the State agreed to recommend she be ordered to take part in a drug court program. Ms. Hamilton's involvement in the drug court program was not entirely successful, and, in May 2014, the circuit court suspended imposition of her sentence and placed her on probation for five years. She was still serving her probation in 2016 when this Court handed down its decision in *Bazell*, holding the misdemeanor offense of stealing in section 570.030.1 could not be enhanced to a felony because "the felony enhancement provision, by its own terms, only applies if the offense is one in which the value of the property or services is an element" and "[t]he value of the property or services appropriated is not an element of the offense of stealing." *Bazell, 497 S.W.3d at 266.* In *State v. Smith, 522 S.W.3d 221, 230 (Mo. banc 2017)*, this Court held *Bazell*'s analysis

---

[2] Effective January 1, 2017, section 570.030 no longer contains the same language addressed in *Bazell*. *See § 570.030, RSMo 2016*.

2

applied to all of the sentence-enhancing provisions in section 570.030.3 because those enhancements could be applied only if the value of property or services were an element of the underlying offense.[3] In *Windeknecht*, this Court declined to make the holdings in *Bazell* and *Smith* retroactive to cases on collateral review. *530 S.W.3d at 503*. *Windeknecht* affirmatively held, however, that it would apply *Bazell* to cases that were "pending on direct appeal" as well as to cases going "forward." *Id.* In other words, as this Court reaffirmed in *Fite v. Johnson, 530 S.W.3d 508, 511 (Mo. banc 2017)*, *Bazell* would be applied prospectively to proceedings in cases not yet final at the time *Bazell* was decided, including those pending on direct appeal.

Ms. Hamilton was on probation and had not yet been sentenced at the time *Bazell* was decided. Nonetheless, when the circuit court revoked Ms. Hamilton's probation on March 16, 2017, neither the court nor counsel considered the effect of *Bazell*'s holding that the crime to which she had pleaded guilty was a class A misdemeanor that could not be enhanced to a class C felony, and she was sentenced to concurrent five-year terms of imprisonment for each count of felony stealing.

---

[3] In *Smith, 522 S.W.3d at 230*, this Court explained:

> *Bazell's* analysis regarding the applicability of section 570.030.3 to the offense of stealing does not depend on which particular enhancement provision is at issue. 497 S.W.3d at 266-67. Instead, *Bazell* looked at the definition of the offense of stealing in section 570.030.1 and held that, because the definition does not contain as an element "the value of property or services," "section 570.030.3 does not apply here." *Id.* at 267. *Bazell* draws no distinction among the numerous subcategories enumerated within section 570.030.3.

3

Ms. Hamilton filed a timely postconviction motion, pursuant to Rule 24.035, challenging the legality of her sentences in light of *Bazell*. The circuit court overruled the Rule 24.035 motion. Interpreting *Windeknecht* to hold that *Bazell* applied only to pending appeals, not prospectively to ongoing proceedings in circuit court cases in which a final judgment had not been entered when *Bazell* was decided, the court stated, "[s]ince the Movant's motion is not a direct appeal, and the Movant received a sentence that was authorized by a different interpretation of section 570.030 without objection, the Movant's request for relief is hereby denied." Ms. Hamilton timely appealed. After opinion by the court of appeals, this Court granted transfer. *Mo. Const. art. V, § 10*.

## II. STANDARD OF REVIEW

A judgment denying postconviction relief will be affirmed unless its findings and conclusions are clearly erroneous. *Meiners v. State, 540 S.W.3d 832, 836 (Mo. banc 2018)*; *Rule 29.15(k)*. "Findings and conclusions are clearly erroneous only when this Court is left with a 'definite and firm impression that a mistake has been made.'" *Hounihan v. State, 592 S.W.3d 343, 347 (Mo. banc 2019), quoting, Mallow v. State, 439 S.W.3d 764, 768 (Mo. banc 2014)*. This Court determines questions of law *de novo*. *State v. Pierce, 548 S.W.3d 900, 902 (Mo. banc 2018)*.

## III. Bazell *Applies Because This Case Was Not Yet Final When* Bazell *Was Decided*

Ms. Hamilton seeks relief under Rule 24.035, which expressly provides, "A person convicted of a felony on a plea of guilty claiming that … the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court

pursuant to the provisions of this Rule 24.035." She notes that "[a] criminal judgment becomes final when a sentence is entered." *Fite, 530 S.W.3d at 510*. Her sentence was not final when *Bazell* was decided because she had received a suspended imposition of sentence. While imposition of sentence is suspended, a conviction has not been entered and there is no final judgment. *State v. Gordon, 344 S.W.2d 69, 71 (Mo. 1961)*; *Yale v. City of Indep., 846 S.W.2d 193, 194-95 (Mo. banc 1993)*.

Applying these principles here, Ms. Hamilton notes that only once her probation was revoked and the court entered sentence against her was a judgment of conviction entered in her case. *Gordon, 344 S.W.2d at 71*; *Yale, 846 S.W.2d at 194-95*. By that point, *Bazell* already had been decided and, pursuant to *Windeknecht*, was required to apply going forward, that is, prospectively to proceedings in cases not yet final when *Bazell* was decided. This necessarily included, Ms. Hamilton argues, the sentencing proceedings in her case, as those did not take place until the year following the decision in *Bazell*. In support, Ms. Hamilton cites *Windeknecht*'s statement that *Bazell* "applies forward" and to cases "pending on direct appeal." *530 S.W.3d at 503*.

The State counters that, because *Windeknecht* used the word "pending" only in relation to the word "appeal," it must have meant that *Bazell* would apply only to pending appeals and to cases filed or tried in the future. *Windeknecht* did not, the State argues, intend *Bazell* to apply to future proceedings in cases then pending in the circuit court.

The State gives inadequate attention to *Windeknecht*'s mandate that *Bazell* "applies forward." The Court did not limit that mandate to new cases filed after *Bazell* or to new

5

trials held after *Bazell* or to guilty pleas entered after *Bazell*. Rather, *Windeknecht* held that *Bazell* would apply "forward," without limitation. It expressly noted this would include cases then pending on appeal, to clarify that, even though sentence had been entered in such cases, because the appeals were not yet final, they would receive the benefit of *Bazell*. While *Windeknecht*'s language was somewhat terse, it explicitly did not limit *Bazell*'s application to *only* cases then pending on appeal; to the contrary, it specified that *Bazell* "applies forward." In *Fite,* this Court reiterated that "*Bazell* applies prospectively only, except in those cases pending on direct appeal." *530 S.W.3d at 511*. To the extent the language in these cases could somehow have been unclear, however, the Court reiterates that, in stating *Bazell* applies forward, it meant that *Bazell* applies to *all* cases that were not yet final when *Bazell* was announced, even if already filed, tried, or subject to a plea, so long as sentence had not been entered when *Bazell* was decided, as well as to cases on direct appeal.

To accept the State's contrary argument would mean there is a "donut hole" in *Bazell*'s application – that *Windeknecht* meant *Bazell* to apply at one end of the timeline to new cases filed or in which a plea or guilty verdict were entered after *Bazell*, and at the other end of the timeline to cases in which a conviction already had been entered but that were still pending on appeal at the time of *Bazell*, but not to the cases in the middle of this timeline in which a plea had been entered or a guilty verdict rendered but as to which a sentence had not yet been imposed. In other words, it would apply to all pending cases

6

except this one and a very few like it. *See State v. Russell, No. SC97916, __ S.W.3d __ (Mo. banc April 24, 2020)* (suspended imposition of sentence following guilty plea).

This reading of *Bazell* and *Windeknecht* is inconsistent with the overall rulings of the Court. *Windeknecht* did not create such a procedural absurdity. Whether pending in the circuit court or on direct appeal, any case not yet final at the time of *Bazell* is entitled to the benefit of *Bazell*'s rule. Ms. Hamilton received a suspended imposition of sentence, and her probation was not revoked and a sentence was not imposed, until after this Court decided *Bazell*. Ms. Hamilton's case, therefore, was not final when *Bazell* was announced. For that reason, she was entitled to the benefit of *Bazell*'s rule going forward in her case, which meant she was entitled to its application at the time sentence was imposed.

## IV.   CONCLUSION

The judgment is reversed. Ms. Hamilton's convictions for felony stealing are reversed, and the case is remanded for resentencing as class A misdemeanors pursuant to sections 570.030.1 and 558.011.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

7