

# SUPREME COURT OF MISSOURI
# en banc

STATE OF MISSOURI,     )  *Opinion issued August 11, 2020*
             )
   Respondent,    )
             )
v.             )  **No. SC98298**
             )
RODNEY KNOX,     )
             )
   Appellant.     )

### Appeal from the Circuit Court of the City of St. Louis
### The Honorable Clinton R. Wright, Judge

Rodney Knox alleges the circuit court erred in entering judgment against him for two counts of class A misdemeanor stealing because the jury found only the elements necessary to convict him of class D misdemeanors. This Court agrees. The jury instructions merely required the jury to find Mr. Knox retained the two victims' personal items without their consent and with the purpose of withholding this property from them. Absent proof of value, the offense submitted was a class D misdemeanor under section 570.030.7,[1] not a class A misdemeanor under section 570.030.8. Therefore, the circuit

---

[1] Statutory references are to RSMo 2016; however, two versions of section 570.030 appear in RSMo 2016: (1) the version of section 570.030 that became effective January 1, 2017, along with the rest of the new criminal code; and (2) the version of section 570.030 in effect from August 28, 2016, through December 31, 2016. At the time Mr. Knox committed the offenses, the 2017 criminal code was (and remains) in effect. Accordingly,

court erred in entering judgment for two class A misdemeanor stealing convictions.

Mr. Knox also appeals his judgment of conviction for one count of felony stealing. Because his third victim failed to specifically state Mr. Knox or an accomplice stole the $1,200 the intruders found while going through this victim's pockets in the course of stealing things of value from his apartment, he argues, the evidence was insufficient to convict him of stealing more than $750. This Court disagrees. The jury was free to infer Mr. Knox got the $1,200 from the victim based on the victim's testimony in combination with the evidence that Mr. Knox and another man were caught while leaving the victim's apartment complex immediately after the robbery with other stolen items, the victim's identification of Mr. Knox as one of the individuals who robbed him, and the fact Mr. Knox had $1,570 in his pocket when arrested. This evidence provided the jury with a sufficient basis to infer Mr. Knox stole the cash and to disbelieve his alternative explanation for having so much cash in his pocket. But because violation of that section is a class D felony under the version of that statute in effect when the crime was committed, the circuit court erred in entering judgment against Mr. Knox for a class C felony. This Court reverses the judgment and remands the case for entry of a corrected judgment consistent with this opinion.

## I.    *FACTUAL AND PROCEDURAL BACKGROUND*

The State charged Rodney Knox with three counts of first-degree robbery and three counts of armed criminal action,[2] all stemming from a single event in January 2017.

---

for ease of reference, citations are to the 2017 criminal code unless otherwise indicated.
[2] The State also charged Mr. Knox with resisting arrest but filed a memorandum of *nolle*

The evidence showed that several armed men with face coverings pushed their way into the apartment of Jabari Turner. The men forced Mr. Turner and his friends to lay on the floor while they searched the apartment. The State presented evidence the intruders took a laptop computer, a PlayStation controller, cellular telephones, headphones, a Bluetooth speaker, a watch, marijuana, and a Versace belt. Mr. Turner testified that he had $1,200 in rent money in his pockets and that the intruders went through his pockets and the pockets of the other victims.

Mr. Turner called the police once the intruders left. The police arrived at the apartment building within one minute and saw four men with face coverings and bags full of items getting out of the elevator. Upon seeing police, the men began to run, dropping some items as they went. Officers apprehended two of the suspects, later identified as Rodney Knox and Donnoven Williams. Mr. Turner identified Mr. Knox at the scene, telling police Mr. Knox had been the man with a black and silver pistol. Mr. Knox was found with a handgun, $1,570 in cash, and several items Mr. Turner identified as stolen, including the Versace belt, a watch, the Bluetooth speaker, and headphones.

At trial, the State did not present evidence of the value of the stolen items of personal property.[3] Mr. Turner testified he had $1,200 in cash in his pockets, the intruders searched his pockets and those of his friends, and he thought at least one of his friends had cash. But Mr. Turner was not specifically asked whether the men had taken

_____

*prosequi* regarding this charge on the day of trial.

[3] The briefs suggest this was because the State believed it would obtain a conviction for first-degree robbery, which does not require proof of the value of the items stolen, although certain stealing offenses do so require.

3

the cash they found when going through his or the other victims' pockets.

Mr. Knox testified in his own defense. He said he went with two of his uncles and another man to the apartment to purchase marijuana but did not know his three companions intended to rob the people in the apartment. Mr. Knox testified he waited for the three other men on a different floor of the apartment complex while he thought they were buying drugs and then went up to Mr. Turner's floor, where he saw his companions leaving the apartment while wearing face coverings. The three men each held bags filled with various items, and some items fell out of the bags in the elevator. Mr. Knox said he picked up the dropped items at his uncle's direction.

Mr. Knox testified that, when the police arrived, he did not run as the others did because he was unaware of the robbery and did not know the items he held had been stolen. He explained the $1,570 in cash in his pocket was his life savings, which he carried with him because his mother was a drug addict and he did not want her to take the money. Mr. Knox said the gun he was carrying was registered to him and he always carried it because he had been robbed in the past.

The circuit court instructed the jury on three counts of first-degree robbery and three counts of armed criminal action for use of a weapon in each robbery, one for each of the three robbery victims. Without objection from the State, as to the two victims who did not testify at trial, the court also instructed the jury that, if it did not find Mr. Knox guilty of robbery as to them, it should consider whether he was guilty of misdemeanor stealing for taking one victim's watch and misdemeanor stealing for taking the other victim's Bluetooth speaker without consent and with the intent to keep them. These

4

misdemeanor instructions did not require the jury to make any finding as to the value of the watch or speaker. The jury acquitted Mr. Knox of armed criminal action and, as to these two victims, found him guilty only of the two misdemeanor stealing counts—the jury did not find him guilty of these two first-degree robbery counts.

As to Mr. Turner, again without objection from the State, the circuit court gave the jury two additional instructions that, if it did not find Mr. Knox guilty of the first-degree robbery count, it should consider whether (1) he was guilty of felony stealing by taking Mr. Turner's money and headphones with a value of more than $750 or (2) he was guilty of misdemeanor stealing for taking Mr. Turner's headphones without his consent and with the intent to keep them. The jury again did not return a guilty verdict on the submission of first-degree robbery and acquitted Mr. Knox on the associated count of armed criminal action but did find Mr. Knox guilty of felony stealing for taking Mr. Turner's $1,200 and headphones.

Mr. Knox appealed. The key question on appeal is whether, based on these jury verdicts, the circuit court properly entered judgment for one count of class C felony stealing from Mr. Turner, for which Mr. Knox received a five-year suspended sentence, and two counts of class A misdemeanor stealing from two other victims, for which he was sentenced to concurrent terms of six months in jail and released for time served. After opinion by the court of appeals, this Court granted transfer. *Mo. Const. art. V, § 10*. For the reasons discussed below, the Court holds the circuit court should have entered judgment for one count of class D felony stealing and two counts of class D misdemeanor stealing and remands for further proceedings in accordance with this opinion.

5

## II.    STANDARD OF REVIEW

"An appellate court's review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *State v. Porter, 439 S.W.3d 208, 211 (Mo. banc 2014)*.  Evidence and inferences favorable to the State are accepted as true, and evidence to the contrary is rejected.  *Id.* Appellate review is limited to whether, "in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt."  *Id.*  When an error is not objected to in the circuit court, on appeal "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."  *Rule 30.20.*

The question of what the State must prove to support a conviction for a class A misdemeanor under section 570.030.8 is one of statutory interpretation and, therefore, is determined *de novo*.  *Finnegan v. Old Republic Title Co. of St. Louis, Inc., 246 S.W.3d 928, 930 (Mo. banc 2008)*.  "The primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute."  *State v. Salazar, 236 S.W.3d 644, 646 (Mo. banc 2007)*.  The rule of lenity requires that criminal statutes be strictly construed against the State.  *Id.*

## III.    THE INSTRUCTIONS SUBMITTED CLASS D MISDEMEANOR STEALING

Mr. Knox argues the circuit court improperly entered judgment against him on two counts of class A misdemeanor stealing because the misdemeanor instructions to the jury

proved only class D misdemeanors, not class A misdemeanors. He admits he failed to object to circuit court's error in entering judgment for two class A misdemeanors but argues doing so was plain error because the six-month sentences he received were in excess of the only authorized punishment for a class D misdemeanor, which under sections 558.002 and 558.004 is a fine not to exceed $500.

Mr. Knox is correct. "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Russell, 598 S.W.3d 133, 136 (Mo. banc 2020)*. Missouri revised its criminal code effective January 1, 2017. Prior to this revision, section 570.030.1[4] provided: "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." The remainder of section 570.030 set forth various types of stealing which it categorized as class B or C felonies. Section 570.030.3(1), in particular, made stealing a class C felony if "[t]he value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars."[5] Section 570.030.9 made stealing of $25,000 or more a class B felony. Section 570.030.10 created

---

[4] All statutory references in this paragraph are to the version of section 570.030 in effect from August 28, 2016, to December 31, 2016.

[5] In *State v. Bazell, 497 S.W.3d 263, 267 (Mo. banc 2016)*, this Court held that, because the definition of stealing in section 570.030.1, RSMo Supp. 2009, did not make value an element of the crime of stealing, and because section 570.030.3(1), RSMo Supp. 2009, stated that stealing was a class C felony only if value was an element of the offense, stealing under section 570.030.3(1), RSMo Supp. 2009, was a class A misdemeanor, not a class C felony. *See also State ex rel. Fite v. Johnson, 530 S.W.3d 508, 511 (Mo. banc 2017)*. The revisions to the statute effective in January 2017 removed the language requiring value to be an element of the crime of stealing for the crime to be felony

7

a catch-all category of class A misdemeanors, stating, "Any violation of this section for which no other penalty is specified in this section is a class A misdemeanor." As the other sections of the statute provided no alternative penalty for stealing less than $500, stealing less than $500 was a crime for which "no other penalty is specified" and, therefore, was a class A misdemeanor—the lowest-level stealing offense. *Id.*

Revisions to section 570.030 of the criminal code that became effective January 1, 2017—13 days before the crimes at issue here—reduced stealing more than $25,000 from a class B felony to a class C felony under section 570.030.4 and replaced the class C felony of "stealing between $500 and $25,000" with the class D felony of "stealing property or services valued at "seven hundred fifty dollars or more" under section 570.030.5(1).

The revised statute continued to have a "catch-all" category of class A misdemeanors for stealing "if no other penalty is specified in this section." *§ 570.030.8.* Unlike its predecessors, however, the revision effective January 1, 2017, for the first time created an offense of class D misdemeanor stealing, codified at section 570.030.7, providing:

> The offense of stealing is a class D misdemeanor if the property is not of a type listed in [the preceding subsections,[6]] the property appropriated has a value of less than one hundred fifty dollars, and the person has no previous findings of guilt for a stealing-related offense.

In attempting to apply these revised statutory provisions to the crimes of which the

stealing. *§ 570.030, RSMo 2016.*

[6] It is not disputed that the type of property stolen was not a type listed in and punishable under these preceding subsections.

jury found Mr. Knox guilty, both the State and Mr. Knox recognize the jury did not make a finding as to the value of the watch the jury found Mr. Knox stole in finding him guilty of misdemeanor stealing in count III or of the wireless Bluetooth speaker the jury found Mr. Knox stole in finding him guilty of misdemeanor stealing in count V.

Mr. Knox argues that, because section 570.030.8 specifically states that stealing is categorized as a class A misdemeanor only if no other penalty is specified in section 570.030 and because subsection 570.030.7 specifically states that stealing is categorized as a class D misdemeanor if a first-time stealing offender steals property valued at less than $150, this means the State must show the value of the property stolen was $150 or more to convict a person of class A misdemeanor stealing under the revised statute. *See* *§§ 570.030.7-.8.*

The State makes the contrary argument that the revisions to section 570.030 effective January 1, 2017, simply changed the class A misdemeanor category to any theft of less than $750 rather than any theft of less than $500 but left class A as the "default" category for any misdemeanor stealing of items with a value of less than $750. It recognizes the 2017 statutory revisions included a new section 570.030.7 providing that stealing items worth less than $150 is a class D misdemeanor for first-time stealing offenders. The State argues, however, that the legislature just intended this new section to give the State the option to charge a lesser offense if it wanted to do so and class A misdemeanor stealing still is the "default" offense if the value of the items stolen is not proved. The State says this gives it complete discretion whether to submit a class A misdemeanor just by choosing not to put on evidence of the amount stolen or that

9

defendant has no previous stealing-related offenses. It argues that, if defendant wants the offense "reduced" to a class D misdemeanor, it is up to defendant to prove he did not commit a class A misdemeanor by stealing things of $150 in value, as the "Constitution places no burden on the State to disprove facts that serve to mitigate a defendant's sentence." This means, the State argues, the very lack of a finding of value by the jury means Mr. Knox was convicted of a class A rather than a class D misdemeanor.

The State's argument ignores two important legal principles. First, "[t]he state has the burden of proving every element of a crime beyond reasonable doubt." *State v. Seeler, 316 S.W.3d 920, 925 (Mo. banc 2010)*. The defendant *never* has the burden of introducing evidence to lower the category of his or her crime or to prove his or her innocence of a higher level of crime.[7] It is the State's burden to prove every element of a crime charged. The State's interpretation of section 570.030 defies common sense and the most basic precepts of criminal law.

Second, an amended statute "should be construed on the theory that the legislature intended to accomplish a substantive change in the law." *Sermchief v. Gonzales, 660 S.W.2d 683, 689 (Mo. banc 1983)*. The State's interpretation of the revision effective January 1, 2017, would give no effect or purpose to the legislature's adoption of a class D misdemeanor category of offense for stealing under $150. The revision, like the prior versions of the statute, specifically requires that stealing qualifies as a class A misdemeanor only if no other penalty is specified in section 570.030. The legislature

---

[7] There is no claim the statute makes lack of a prior offense or the value of items stolen an affirmative defense or that it requires defendant to inject the issue of value before a

amended section 570.030 to add a new subsection 7 that specifies the penalty for first-time offenders who steal items valued at less than $150 is conviction for a class D misdemeanor. "[A]ll provisions of a statute must be harmonized and every word, clause, sentence, and section thereof must be given some meaning." *Id.* The State's interpretation renders the classification of a class D misdemeanor a nullity. Courts may not interpret statutes to render any provision a nullity because doing so would not give effect to the plain language of the statute.

A construction of the version of section 570.030 effective January 1, 2017, that gives effect to all of its provisions is that section 570.030's subsections are plainly mutually exclusive—a penalty is either specified for certain conduct in the statute or the offense is a class A misdemeanor because "no other penalty is specified." The statute specifies that first-time stealing offenders who are convicted of stealing an item with a value of less than $150 are guilty of a class D misdemeanor. *§ 570.030.7.* The statute specifies that offenders who steal items worth $750 or more but less than $25,000 are guilty of a class D felony. *§ 570.030.5(1).* The statute does not specify a penalty for stealing items with a value of $150 or more but less than $750. Nor does the statute specify a penalty for stealing less than $150 when a defendant has a previous finding of guilt for a stealing-related offense. These, therefore, are the thefts that constitute class A misdemeanors, for these are the thefts as to which "no other penalty is specified in this section." *§ 570.030.8.* Conversely, if a penalty is specified—as it is for stealing less than $150 when the defendant has no prior stealing convictions—then, by definition, that

---

class D misdemeanor can be considered; in fact, the statute does neither.

11

conduct is not a class A misdemeanor. There is no overlap.

This is, indeed, exactly how MAI-CR 4th 424.02.1 provides that misdemeanor stealing offenses should be submitted. That instruction states that stealing is a class A misdemeanor when "the value of property or services appropriated is one hundred fifty dollars or more but less than seven hundred fifty dollars." To submit a class A misdemeanor, the instruction says to "specify that the property or service has a value of one hundred fifty dollars." *Id. Note on Use 3.* Conversely, the stealing is a class D misdemeanor when "property or services appropriated has a value of less than one hundred fifty dollars; and the person has no previous findings of guilt for a stealing-related offense." *Id.*

If the State wants to submit a class A misdemeanor when the property is valued at less than $150, "evidence of the prior pleas or findings of guilt shall be proved to the court outside the presence of the jury and the court must enter its findings thereon prior to submission of the case to the jury." *Id. Note on Use 4.*

The instructions offered by Mr. Knox and submitted to the jury without objection by the State followed exactly the format required by MAI-CR 4th 424.02. The State offered no evidence of the stolen items' value, and the instructions accordingly submitted stealing without requiring the jury to find the value of the watch in Instruction 10 or the value of the Bluetooth speaker in Instruction 13. Instruction 10 stated:

> As to Count III, if you find and believe from the evidence beyond a reasonable doubt:
>
> > First, that on or about January 13, 2017 in the City of St. Louis, State of Missouri, the defendant retained a watch owned by [V.A.], and

Second, that defendant did so without consent of [V.A.], and
Third, that defendant did so for the purpose of withholding it from the owner permanently, and [sic]

then you will find the defendant guilty under Count III of misdemeanor stealing under this instruction.

Instruction 13 stated:

As to Count V, if you believe from the evidence beyond a reasonable doubt:

First, that on or about January 13, 2017 in the City of St. Louis, State of Missouri, the defendant retained a wireless Bluetooth speaker owned by [R.P.], and
Second, that defendant did so without the consent of [R.P.], and
Third, that defendant did so for the purpose of withholding it from the owner permanently, and [sic]

then you will find the defendant guilty under Count V of misdemeanor stealing under this instruction.

The jury found Mr. Knox guilty of these two offenses. The elements set out in these instructions do not submit the value of the watch and speaker the jury found Mr. Knox stole. The jury's verdict, therefore, supports only a judgment for two counts of class D misdemeanor stealing because the State failed to prove the items had a value of $150 or more.[8]

Mr. Knox concedes the instructions submitted the elements of class D misdemeanor stealing offenses and that the jury found him guilty of these offenses. He

_____

[8] On appeal, the parties spend substantial time arguing about the theoretical question whether a class D misdemeanor is a lesser-included offense of a class A misdemeanor. This Court does not address that argument because, below, both parties agreed on the instruction given to the jury without objection and the real issue on appeal is whether the circuit court could enter judgment against Mr. Knox for a class A misdemeanor based on the jury's verdict.

13

does not allege the evidence was insufficient to support these verdicts. He does correctly note, however, that the maximum punishment for a class D misdemeanor is a $500 fine, yet he was sentenced to six months on each count because the circuit court erroneously entered judgment for two class A misdemeanors.

Accordingly, Mr. Knox's convictions for two class A misdemeanor stealing offenses are reversed, and the case is remanded with directions to resentence him for two counts of class D misdemeanor stealing.

## IV.    THE EVIDENCE SUPPORTS CONVICTION OF A CLASS D FELONY

The jury also found Mr. Knox guilty under Instruction 6, which stated that it should find Mr. Knox guilty of felony stealing if it found:

> First, that on or about January 13, 2013 in the City of St. Louis, State of Missouri, the defendant retained US currency and headphones owned by Jabari Turner, and
> Second, that the defendant did so without the consent of Jabari Turner, and
> Third, that defendant did so for the purpose of withholding it from the owner permanently, and
> Fourth, that the property retained had a combined value of at least seven hundred fifty dollars[.]

As is evident, paragraph fourth of Instruction 6 required the jury to find "the property retained had a combined value of at least seven hundred fifty dollars." The State and Mr. Knox agree the State failed to present any evidence of the headphones' value. The State argues, however, that the evidence that Mr. Knox stole $1,200 from Mr. Turner's pocket is more than sufficient to show the combined value of the headphones and currency was $750 or more.

Mr. Knox counters he is not arguing that $1,200 is not more than $750. Rather,

citing *State v. McQuary, 173 S.W.3d 663, 668 (Mo. App. 2005)*, he argues that, while a jury may make reasonable inferences from the evidence, it cannot draw inferences from the total absence of evidence of an element of the offense. He argues that is what happened here, for the State failed to prove any money was stolen from Mr. Turner at all because it failed to ask Mr. Turner if the intruders stole the $1,200 they found in his pockets. Mr. Knox contends, absent such a statement, there is no factual basis upon which the jury could form an inference that any currency was stolen, as an inference cannot be based on speculation.

The jury was not required to resort to speculation to convict Mr. Knox. While it is difficult to perceive why the prosecutor did not specifically ask Mr. Turner whether the intruders stole the $1,200 they discovered while rummaging through his pocket, no magic words directly identifying the stolen property need be spoken if the theft of that property is otherwise shown by the evidence. When viewed in the light most favorable to the verdict, the Mr. Turner's testimony was sufficient to support a reasonable inference by the jury that $1,200 was taken from his pocket. Mr. Turner testified he had $1,200 in his pockets and the intruders searched his pockets as they tore apart his apartment, taking things of value. Just a few minutes after the theft, the police apprehended Mr. Knox at the apartment complex with $1,570 in cash on his person, as well as a number of specific items of personal property belonging to Mr. Turner. Mr. Turner also identified Mr. Knox as one of the intruders.

Although Mr. Knox offered an alternative explanation for possessing a large amount of cash, appellate courts give "great deference to the trier of fact." *State v.*

15

*Stover, 388 S.W.3d 138, 146 (Mo. banc 2012).* "All decisions as to what evidence the jury must believe and what inferences the jury must draw are left to the jury, not to judges deciding what reasonable jurors must and must not do." *State v. Jackson, 433 S.W.3d 390, 399 (Mo. banc 2014).* The jury was free to disbelieve Mr. Knox's explanation of the unusually large amount of cash he had on his person and to infer some of the cash found in Mr. Knox's possession had just been stolen from Mr. Turner.

But Mr. Knox and the State agree it was error to enter judgment against Mr. Knox for class C felony stealing based on the jury's finding that he stole items with a value of $750 or more. Under the revision that went into effect January 1, 2017, stealing more than $750 is a class D felony. *§ 570.030.5(1).*

Because the five-year suspended sentence Mr. Knox received was within the range permitted for a class D felony, Mr. Knox does not ask for resentencing but merely for entry of a *nunc pro tunc* order correcting the judgment to reflect he was convicted of a class D felony. "Clerical errors in the sentence and judgment in a criminal case may be corrected by order *nunc pro tunc* if the written judgment does not reflect what actually was done." *State v. LeMasters, 456 S.W.3d 416, 426 (Mo. banc 2015)*; *Rule 29.12(c)*. This Court directs the circuit court on remand to correct the judgment to reflect that Mr. Knox was convicted of a class D, not a class C, felony.

## V. CONCLUSION

For the forgoing reasons, this Court reverses the judgment and remands the case with directions to the circuit court to correct the judgment to reflect convictions for a class D felony stealing and two class D misdemeanors and to resentence Mr. Knox as

prescribed in sections 558.002 and 558.004 to no more than a $500 fine for each misdemeanor offense.

_____

**LAURA DENVIR STITH, JUDGE**

All concur.

17