

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. ANDREW BAILEY,     )  
                                 )  
               Relator,     )  
                                 )  
v.                               )          No. SC99813  
                                 )  
THE HONORABLE ROBIN E. FULTON, )  
                                 )  
              Respondent.     )

*Opinion issued February 14, 2023*

### ORIGINAL PROCEEDING IN PROHIBITION

The attorney general filed a petition for a writ of prohibition claiming the Honorable Robin E. Fulton, associate circuit judge of St. Francois County, has no jurisdiction or authority over a motion to vacate or set aside Michael Politte's second-degree murder conviction, filed by the prosecuting attorney of Washington County, pursuant to section 547.031,[1] because Mr. Politte was convicted in the circuit court of St. Francois County.[2] Section 547.031 creates a statutory postconviction civil action that may be initiated by

---

[1] All statutory references are to RSMo Supp. 2021.

[2] Eric Schmitt was the attorney general when this action was filed. Attorney General Andrew Bailey now holds that office, and, as a result, he has been automatically substituted for Mr. Schmitt under Rule 52.13(d). Similarly, Joshua Hedgecorth was the Washington County prosecuting attorney when this action was filed. John Jones IV now holds that office, and, as a result, Mr. Jones has been automatically substituted for Mr. Hedgecorth, pursuant to Rule 52.13(d).

"[a] prosecuting or circuit attorney, in the jurisdiction in which a person was convicted of an offense," if "he or she has information that the convicted person may be innocent or may have been erroneously convicted." Because the Washington County prosecuting attorney is not a prosecuting attorney in St. Francois County, the jurisdiction in which Mr. Politte was convicted, section 547.031 does not authorize him to file a motion to vacate or set aside Mr. Politte's conviction. The preliminary writ is modified and made permanent. The circuit court is ordered to take no further action in this matter other than dismissing the Washington County prosecuting attorney's motion to vacate or set aside Mr. Politte's conviction.

## Background

In June 1999, the Washington County prosecuting attorney charged Mr. Politte with murdering his mother. Later that month, Mr. Politte filed an application for change of judge and change of venue. The circuit court sustained the motion for change of venue and ordered the cause transferred to St. Francois County, where the Washington County prosecuting attorney prosecuted the case, including a jury trial in April 2002. At trial, a St. Francois County jury found Mr. Politte guilty of second degree murder, and the St. Francois County circuit court sentenced him to life in prison.

In May 2022, the Washington County prosecuting attorney filed a motion in Mr. Politte's original criminal case, seeking to vacate or set aside Mr. Politte's conviction, pursuant to section 547.031. The attorney general was given notice of the proceeding at the time of its filing. The attorney general entered an appearance and filed a motion to dismiss "for lack of jurisdiction or authority and for failure to state a claim," as well as a

2

motion to transfer the proceedings to a new civil case, which were overruled. After unsuccessfully seeking a permanent writ of prohibition in the court of appeals, the attorney general filed the instant petition for a writ of prohibition. The relief the attorney general seeks is a writ prohibiting the circuit court from taking any action other than to dismiss the Washington County prosecuting attorney's motion to vacate or set aside Mr. Politte's conviction. Alternatively, the attorney general seeks a writ prohibiting the circuit court from taking any action other than transferring the motion to vacate from Mr. Politte's original criminal case to a new civil action. This Court issued a preliminary writ of prohibition.

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. "A writ of prohibition is appropriate . . . to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction" and "to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended[.]" *State ex rel. Zimmerman v. Dolan*, 514 S.W.3d 603, 607 (Mo. banc 2017).

### No Statutory Authority to File Motion to Vacate

This issue in this case is whether section 547.031 authorizes the Washington County prosecuting attorney to file a motion to vacate or set aside Mr. Politte's conviction, which raises a question of statutory interpretation. Questions of statutory interpretation are reviewed *de novo*, giving no deference to the circuit court's determination. *State v. Andrews*, 329 S.W.3d 369, 371 (Mo. banc 2010). "The primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." *State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 585

3

(Mo. banc 2018). Further, section 1.090, RSMo 2016, instructs the Court to take words and phrases "in their plain or ordinary and usual sense." *Gross v. Parson*, 624 S.W.3d 877, 884 (Mo. banc 2021). Accordingly, "[i]f the language of a statute is plain and unambiguous, this Court is bound to apply that language as written and may not resort to canons of construction to arrive at a different result." *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 605 (Mo. banc 2019).

Section 547.031.1 provides:

> A prosecuting or circuit attorney, *in the jurisdiction in which a person was convicted of an offense*, may file a motion to vacate or set aside the judgment at any time if he or she has information that the convicted person may be innocent or may have been erroneously convicted. The circuit court in which the person was convicted shall have jurisdiction and authority to consider, hear, and decide the motion.

(Emphasis added). The language of section 547.031.1 has a plain and ordinary meaning that permits no construction. The statute authorizes only a prosecuting attorney in the jurisdiction in which a person was convicted of an offense to file a motion to vacate or set aside the judgment of conviction of such offense. St. Francois County is the jurisdiction in which Mr. Politte was convicted, so only a prosecuting attorney in St. Francois County may file a motion to vacate Mr. Politte's conviction under section 547.031. The Washington County prosecuting attorney is not a prosecuting attorney in St. Francois County. Therefore, section 547.031 does not authorize the Washington County prosecuting attorney to file a motion to vacate or set aside Mr. Politte's conviction.

On behalf of the circuit court, the Washington County prosecuting attorney argues a different interpretation should be reached because section 547.031 is ambiguous if the phrase "in the jurisdiction in which person was convicted" modifies the phrase

4

"a prosecuting or circuit attorney." According to the prosecutor, the use of the indefinite article "a" rather than the definite article "the" in relation to "prosecuting or circuit attorney" creates ambiguity because the language "suggests only that a prosecuting attorney must file the motion" and fails to answer "which prosecuting attorney" within the jurisdiction may file it. At oral argument, he further explained the phrase is ambiguous because "a" prosecuting attorney in the jurisdiction of conviction could refer to any of multiple prosecuting attorneys within that jurisdiction. The prosecutor asserts the resulting ambiguity requires the Court to determine legislative intent by applying canons of statutory construction.

A statute is unambiguous if its plain language answers "the current dispute as to its meaning." *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012). And section 547.031.1's plain language resolves whether the Washington County prosecuting attorney is authorized to file a motion to vacate or set aside Mr. Politte's conviction. He is not so authorized because he is not a prosecuting attorney in the jurisdiction of conviction.[3]

---

[3] There might be a suggestion in the Washington County prosecuting attorney's brief that he qualifies as a prosecuting attorney in St. Francois County, the jurisdiction of conviction, for purposes of this section 574.031 motion because he had authority to act in the original criminal case when it was pending after venue was changed to St. Francois County and he filed the motion in that original case. Any such argument is defeated because a motion filed under "section 547.031 is a new civil action" representing a "collateral attack on the conviction and sentence." *State v. Johnson*, 654 S.W.3d 883, 891 n.10 (Mo. banc 2022). It is "not part of the original criminal case regardless of how it is docketed or referred to in the circuit court." *Id.* To reach the conclusion that section 547.031 includes a prosecuting attorney with prior authority to prosecute the original case against the defendant when it was pending in that jurisdiction, this Court would have to add words to the statute, which this Court cannot do under the guise of statutory interpretation. *Sw. Bell Yellow Pages, Inc. v. Dir. of Revenue*, 94 S.W.3d 388, 390 (Mo. banc 2002).

The Washington County prosecuting attorney also argues the phrase "in the jurisdiction in which a person was convicted" should be interpreted to describe the jurisdiction in which a motion must be filed, rather than modifying the phrase "a prosecuting or circuit attorney." This Court gives statutes their most natural reading, *see Middleton v. Mo. Dep't of Corr.*, 278 S.W.3d 193, 197 (Mo. banc 2009), and, giving section 547.031.1 its most natural reading, the phrase "in the jurisdiction in which a person was convicted of an offense" modifies the phrase it follows, "[a] prosecuting or circuit attorney," *see Piercy v. Mo. State Highway Patrol*, 583 S.W.3d 132, 142 (Mo. App. 2019) (noting modifying phrases are naturally read to modify the words next to which they are placed). Holding otherwise would lead to an absurd result as it would remove any limitation on a prosecuting or circuit attorney authorized to file the motion and, consequently, a prosecuting attorney in any jurisdiction in the state could file a section 547.031 motion so long as he or she filed it in the jurisdiction of conviction.

Mr. Politte also filed a brief on the circuit court's behalf claiming a writ should not issue because the attorney general is not a party in the circuit court and section 547.031 does not permit the attorney general to engage in motion practice. As previously stated, however, like motions filed under Rules 29.15 and 24.035, a motion to vacate or set aside a conviction under "section 547.031 is a new civil action" representing a "collateral attack on the conviction and sentence." *Johnson*, 654 S.W.3d at 891 n.10; *Dorris v. State*, 360 S.W.3d 260, 270 (Mo. banc 2012) (stating motions filed under Rules 29.15 and 24.035 "represent a collateral attack on a final judgment of the court" (internal quotation omitted)). Collateral attacks on a final judgment in a criminal case are permitted only as

6

provided by statute or rule, *see State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 510 (Mo. banc 2017), and courts must enforce the mandatory procedures of those proceedings "to prevent duplicative and unending challenges to the finality of a judgment," *Latham v. State*, 554 S.W.3d 397, 404 (Mo. banc 2018). As a result, when a motion to vacate or set aside a conviction fails to comply with the requirements of section 547.031, the circuit court has no authority[4] to sustain the motion. *See Fite*, 530 S.W.3d at 511 (issuing a writ of prohibition when a circuit court lacked authority to sustain a Rule 29.07(d) motion to withdraw a guilty plea).

## Conclusion

The preliminary writ is made permanent as modified. The circuit court is ordered to take no further action in this matter other than dismissing the Washington County prosecuting attorney's motion to vacate or set aside Mr. Politte's conviction.

 

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.

---

[4] The parties sometimes refer to the circuit court's authority in this context as jurisdiction. The circuit court's jurisdiction over this matter is established by article V, section 14 of the Missouri Constitution. "Whether a circuit court has the power to act as intended within the exercise of its personal and subject matter jurisdiction is an issue of circuit court authority." *State ex rel. Country Mut. Ins. Co. v. May*, 620 S.W.3d 96, 98 n.3 (Mo. banc 2021) (citing *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009)).